(No. 34207.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LORENZO MERRIEWEATHER, Plaintiff in Error.

*Opinion filed September 20, 1957.*

LORENZO MERRIEWEATHER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned to the circuit court of St. Clair County on June 21, 1954, charged the defendant, Lorenzo Merrieweather, with burglary and larceny. He was arraigned on June 25, 1954, at which time he was advised of his right to counsel and the public defender was appointed to defend him after he had stated under oath that he had no funds to employ an attorney. The cause was continued at defendant's request until October 6, 1954, when, after a trial by jury, he was convicted of the charge and sentenced to the penitentiary for a term of from five to fifteen years. Appearing *pro se* and presenting only the common-law record, he prosecutes this writ of error asserting that the incompetency of his appointed counsel denied him a fair trial, and that he was denied the right to employ counsel of his own choice.

We find nothing in the record filed upon which either charge of error may be predicated. In the absence of a bill of exceptions preserving the proceedings at the trial for review, defendant's charges that his appointed counsel was incompetent, both in the preparation of a defense and in the conduct of the trial, are matters *de hors* the record which we are not at liberty to consider. The common-law record alone being before us, we may not go beyond it in considering the errors assigned by defendant. (*People* v. *Brame,* 6 Ill.2d 412; *People* v. *Clifton,* 408 Ill. 475.) Moreover, we have consistently held that a determination of whether an accused has been properly and competently represented by counsel can be made only from an examination of a bill of exceptions. *People* v. *Gulley,* 411 Ill. 228; *People* v. *Curth,* 398 Ill. 322; *People* v. *Lantz,* 387 Ill. 72.

Similarly, we find no basis for the contention that the appointment of the public defender operated to deprive de-

fendant of his right to defend by counsel of his own choice. While it would appear, insofar as the recitals of the record are concerned, that the appointment resulted from the voluntary action of the court rather than a request by defendant, we have held in such cases that an accused is not deprived of the right to counsel of his own choosing unless the appointment is made over his objection and some exception is taken to the court's action at the time. (*People* v. *Ephraim,* 411 Ill. 118, 120-121, *certiorari* denied 345 U.S. 944, 97 L. ed. 1369; *People* v. *Witt,* 394 Ill. 405; *People* v. *Montville,* 393 Ill. 590; *People* v. *McKay,* 403 Ill. 417.) The record in the instant case does not disclose any objection or protest to the appointment of the public defender, it appearing rather that the latter's assistance was accepted without complaint until this writ.

Under the foregoing point defendant argues that the court, upon learning he had no money to employ an attorney, should have refrained from appointing counsel until such time as defendant had a full and fair opportunity to seek from friends and relatives funds with which to employ counsel of his own choice. Rule 27A of this court, (Ill. Rev. Stat. 1953, chap. 110, par. 259.27A,) by which the trial court was bound, fixed the time of arraignment as the time for determining the defendant's need or desire for counsel. Thus in the absence of a request for further time in which to employ counsel, and a ruling thereon preserved by a bill of exceptions, we cannot say that the court committed an abuse of discretion in appointing counsel as it did. As a practical matter defendant's present contention loses its vitality in view of the showing that over three months intervened from the time the public defender was appointed until the time of the trial. He was thus afforded ample opportunity to make arrangements for counsel of his own choice if he had so desired.

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*