(No. 36083.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE DEAN, Plaintiff in Error.

*Opinion filed September 27, 1963.*

KARL BEROLZHEIMER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

George Dean was indicted in the criminal court of Cook County for murder. He was tried by the court, found guilty and sentenced to the penitentiary for a term of 60 years. A writ of error has been issued to review his conviction.

He first argues that the trial court coerced him into accepting appointment of the public defender against his wishes. When defendant appeared to be arraigned, the judge asked him if he was able to get a lawyer. The reply was negative and defendant asked that a bar association lawyer be appointed. The judge then asked defendant if someone had told him to ask for a bar association lawyer and commented on the good representation given by the public defender's office. He concluded by stating, "I will ap-

point somebody from the bar association for you but I am sure curious as to why people like yourself would come out here and right off the reel ask for the bar association appointment." Defendant's brother talked to defendant and then told the judge defendant wanted the public defender. The judge then said, "I didn't ask him these questions to sway him as far as the appointment of the public defender is concerned. I am merely curious because of the number that come up and ask for the bar association counsel. If you feel that you want somebody other than the public defender —." Defendant interrupted and said "I will take a public defender."

It is obvious that the judge did not coerce defendant into accepting the appointment of the public defender. Furthermore the judge who made the appointment was not the judge who tried defendant and defendant had two months between arraignment and trial to request other counsel.

The only other contention made by defendant is that he was not competently represented. A report of the proceedings at the trial has not been made a part of the record before us and this contention cannot therefore be reviewed. *People v. Merrieweather,* 11 Ill.2d 619.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*