\* (No. 36083.—▮▮▮▮▮▮▮▮▮
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE DEAN, Plaintiff in Error.

*Opinion filed September 29, 1964.*

---

\* An opinion in this case appears in 28 Ill. 2d 403 but a rehearing was subsequently allowed.

KARL BEROLZHEIMER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, George Dean, was convicted of murder in the criminal court of Cook County and on June 26, 1956, was sentenced to the penitentiary for a term of sixty years. On defendant's application this court, on June 14, 1961, issued its writ of error. Defendant assigned as error the

trial court's conduct in coercing him to accept the public defender as counsel and also the incompetency of his counsel. A report of proceedings was not made a part of the record on appeal. The defendant attempted to cure this omission by a motion filed in this court. An affidavit attached to the motion related that the public defender failed to procure a free transcript of the trial proceedings and have it certified under Rule 65 and 65—1; that defendant's family in 1959 secured a transcript of the trial proceedings; that defendant's appellate counsel had presented the report of proceedings on February 15, 1963, to the trial judge for certification. The judge marked it presented but refused to certify it. The motion prayed an order directed to the clerk of the criminal court of Cook County to file the uncertified report of proceedings as part of the record on appeal. Defendant's motion was denied on March 14, 1963. The issue of denial of counsel of defendant's choice was decided against him and we refused to consider the issue of competency of counsel because of the absence of a report of proceeding. See our opinion *People* v. *Dean,* 28 Ill.2d 403.

Defendant petitioned for rehearing, again raising the issue of competency of his court-appointed trial counsel, the public defender. He argued that the public defender failed to protect his constitutional right to appeal in not applying for a free transcript and procuring its required certification under Supreme Court Rules 65 and 65—1. Since our denial of defendant's motion to make his report of proceedings part of the record on appeal, several opinions of the United States Supreme Court have been handed down which require reconsideration of this issue.

The question of whether court-appointed counsel can forfeit all but record errors of an indigent's right to appeal by failing to timely procure certification of the record of proceedings was first presented to this court in *People* v. *Shockey,* 25 Ill.2d 528. There we refused to consider errors

which required a report of proceedings as it had not been certified within 100 days after judgment, or any extension thereof, as required by Rule 65. The dissent to that opinion argued that failure on the part of court-appointed counsel to protect an indigent defendant's right to appeal by requesting a free transcript and procuring its certification within the prescribed time was incompetency, and that the constitutional guarantee of counsel, competent counsel, required a waiver of the 100-day rule in that instance.

In a *per curiam* decision the United States Supreme Court reversed *People* v. *Shockey* (*Shockey* v. *Illinois,* 375 U.S. 22, 11 L. ed. 2d 43, 84 S. Ct. 83) ; the judgment was vacated and the case remanded for further consideration in light of *Douglas* v. *California,* 372 U.S. 353, 9 L. ed. 2d 811.

The *Douglas case* involved the question of whether equal protection of the laws as guaranteed by the fourteenth amendment of the United States constitution required appointment of appellate counsel for an indigent accused. Under California law a District Court of Appeal had reviewed the record of defendant's trial and concluded that appointment of appellate counsel was unnecessary. The Supreme Court reversed and remanded the cause to the California Appellate Court, ruling defendant as an indigent was entitled to appointed counsel.

A decision referred to in the *Douglas* case and handed down the same term, *Lane* v. *Brown,* 372 U.S. 477, 9 L. ed. 2d 892, however, appears more apposite to *Shockey* and this petition for rehearing.

In *Lane,* an indigent defendant, convicted of murder in an Indiana court, sought post-conviction relief by way of a writ of error *coram nobis.* The *coram nobis* proceeding was decided against defendant and the public defender, who represented him, decided there was no basis for appeal. Under Indiana law an indigent defendant could procure a free transcript of the post-conviction proceeding only if the

public defender was of the opinion that appeal was justified and requested the transcript. The Supreme Court held that defendant as an indigent was denied the right to appeal available to a defendant who could afford a transcript and that this constituted denial of equal protection of the laws contrary to the fourteenth amendment. The judgment on appeal was vacated and the State of Indiana was ordered to furnish defendant a transcript of the *coram nobis* proceedings and full appellate review of those proceedings.

Although it does not appear whether the public defender's failure here to procure a free transcript and obtain its required certification under Rules 65 and 65—1 was the result of a conscious decision that appeal was unjustified, the result is the same. The defendant as an indigent has been denied his right to full appellate review by the State of Illinois contrary to the mandate of the fourteenth amendment as construed by *Lane* v. *Brown*, 372 U.S. 477, 9 L. ed. 2d 892.

At our direction defendant's report of proceedings was made part of the record on appeal and we will now consider defendant's contention that his court-appointed trial counsel was incompetent.

The public defender, as in the case of other counsel appointed to represent an indigent accused, must competently and adequately represent his client. An accused is entitled to a fair trial, which includes competent representation. This does not mean, however, an accused is denied competent counsel because his court appointed counsel chooses a course of action which in retrospect proves to be less desirable than an alternate, nor even because he errs. Incompetency of counsel such as to constitute denial of an accused's right to counsel is conduct of such defective character as to make the defense a farce (*People* v. *Reeves,* 412 Ill. 555) ; substantial prejudice must be visited on defendant because of the alleged errors of court-appointed counsel. (*People* v. *Morris,* 3 Ill.2d 437). In the *Morris* case, court-

appointed counsel advised his client to plead guilty to a charge, the prosecution of which was barred by the statute requiring trial of an incarcerated accused within four months of initial confinement. Ill. Rev. Stat. 1953, chap. 38, par. 748.

An understanding of defendant's contention that he was inadequately represented requires a brief account of the fatal shooting resulting in his conviction. On the evening of January 15, 1956, officer William Barrett and Sergeant Lionel Heath of the Cook County sheriff's police visited the Bel Air Tavern in Robbins, Illinois. Defendant and another patron began arguing. Sergeant Heath identified himself as a police officer and asked defendant for a knife which he apparently believed defendant had in his hand. Defendant struck Sergeant Heath on the head with a gun, knocking him to the floor. He then shot Sergeant Heath three times; the latter drew his revolver and returned defendant's fire. Defendant and Sergeant Heath exchanged shots, while the patrons of the tavern fled. Defendant, severely wounded, collapsed on Sergeant Heath, his gun empty. Both men were taken to a hospital, where Sergeant Heath died.

At the close of the State's case the prosecutor and defendant's attorney stipulated that a licensed physician examined the body of Sergeant Heath on January 20, 1956; that he found five bullet wounds in the body and that he was of the opinion that death was caused by a gunshot wound to the chest. Defendant contends that this stipulation was unwarranted and relieved the State of proving a necessary element of their case. He further contends that a coroner's report, which is not part of the record on appeal, disclosed that two bullets were recovered from the body of Sergeant Heath and that they were dissimilar. The significance of the dissimilarity of the bullets is not clear; it is not suggested that the two bullets, although dissimilar, could not have been fired from defendant's gun, but we assume that this is a conclusion that might have been argued.

At most it appears that the coroner's report suggested facts that a resourceful defense attorney might have exploited, but the jury could not conceivably have found defendant innocent in view of the fact that the shooting was witnessed by the numerous patrons of the tavern, six of whom testified that the defendant shot Sergeant Heath when he intervened to prevent an assault by defendant on a third party.

In *People* v. *Hare,* 25 Ill.2d 321, we refused to hold that court-appointed counsel was incompetent where he stipulated to all the elements of the prosecution's case with the exception of a confession, and again we are constrained to say that the fact that court-appointed counsel stipulated to part of the prosecution's case does not demonstrate incompetency. We examined *People* v. *Nowak,* 372 Ill. 381, upon which the defendant principally relies and found it dissimilar to this case; there counsel stipulated to his client's guilt although the latter maintained, and testified to, his innocence.

The defendant was competently represented below and he received a fair trial; his conviction consequently must be affirmed.

*Judgment affirmed.*