**People of the State of Illinois, Plaintiff-Appellee, v. Robert Jackson, Defendant-Appellant.**

**Gen. No. 51,121.**

First District, First Division.

May 27, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Paul C. Bradley and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for the unlawful sale of narcotics. He was tried by a jury, found guilty, and sentenced to the penitentiary for a term of ten years to life. This trial took place on November 24, 1964, and a proper notice of appeal was filed from that conviction. Subsequently, on November 23, 1966, defendant filed a petition to vacate the judgment and sentence pursuant to section 72 of the Illinois Civil Practice Act (Ill Rev Stats 1965, c 110, § 72). This petition was denied and defendant filed a second appeal. We have consolidated the two appeals.

Defendant asserts first that he was denied his United States constitutional right under the Sixth Amendment and his rights under Article II, Section 9 of the Illinois Constitution, in that he was not given effective assistance of counsel at the trial. Secondly, he argues that he established a defense of entrapment. Finally, he claims the denial of his section 72 petition was erroneous.

When the defendant was arraigned on March 18, 1964, the Public Defender was appointed to represent him, it appearing that defendant did not have funds with which to hire private counsel. The Public Defender immediately made a motion for production of any written statements and a list of witnesses. Defendant himself made a motion to have counsel other than the Public Defender appointed to represent him, and the trial judge obliged him. Appointed counsel commenced his representation of defendant on July 23, 1964, four months after the arrest and four months before the trial.

With respect to the argument that defendant was denied effective representation by counsel at the trial, he

100

points to the following facts which appear in the record. First, defendant's counsel made a motion to suppress the narcotics which defendant was accused of selling. At the hearing on the motion to suppress, defendant was placed on the stand at which time he told his version of the events leading up to his arrest.

The testimony of the police officers in the instant case revealed that they were involved in conducting a controlled sale of narcotics. The officers had secreted themselves in the closet and a washroom of a hotel room and, from that vantage point, observed the defendant and the police informant engage in a narcotics transaction. As soon as the officers observed the presence of narcotics, they emerged from their hiding places and arrested defendant. These facts would seem to indicate that no search or illegal seizure was involved upon which to found any motion for suppression of the evidence.

After the trial judge ruled on the motion to suppress the evidence, defense counsel orally moved for a change of venue. He stated that he did not have a chance to prepare a written motion as is clearly required by the statute. (Ill Rev Stats 1967, c 38, § 114-5.)

The defendant points to nine different places in the record where the prosecutor was permitted to lead his witnesses without any objection from defense counsel. On one occasion counsel did raise an objection to a leading question, but asserted that the grounds for his objection was relevancy.

Defendant also points to four separate occasions during the course of the trial where the prosecutor was permitted to elicit, or a witness was permitted to give, hearsay testimony. On no such occasion did defense counsel raise any objection to the improper testimony.

It is further pointed out that counsel failed to make the routine pretrial motions, such as requesting a copy of police reports, a list of witnesses, or a transcript of the testimony at the preliminary hearing. These motions

are generally considered essential to the defense of a criminal action and in the instant case a transcript of the preliminary hearing would have revealed information upon which to base an impeachment of one of the police officers.

The theory which emerges from the testimony of the defendant during the motion to suppress indicates the defense of entrapment. This theory was abandoned during the course of the trial. However, the facts which came to light in that hearing indicate that the defendant was really pooling his money with the police informant, and other persons, to enable them to purchase narcotics. Defendant, however, was charged with the sale of narcotics. If the same facts elicited at the motion to suppress had been presented at the trial, it might have been proven to be a defense to the charge of sale.

As indicated, the defendant was only charged with sale of narcotics. However, the instructions submitted to the jury on behalf of the State set out the full nature of the narcotics law concerning the unlawfulness of possession, control, sale, prescribing, administering, dispensing or compounding narcotic drugs. Counsel failed to object to such instructions and permitted them to go to the jury.

In closing argument, the prosecutor referred to the defendant as a seller of narcotics "using a woman for his own profit and his own gain." This characterization was not supported by the evidence, but no objection on defendant's behalf was interposed.

In his opening statement, defendant's counsel stated to the jury that he was "not able to put the defendant on the stand." The trial judge corrected him by indicating that he really meant he did not elect to put the defendant on the stand. Counsel agreed with the trial judge and then said to the jury, "I also ask you not to make your minds up until all the evidence is in, until we have

a chance to make a final argument." Again, in his closing argument, counsel indicated that "all the evidence is not in until we have all finished talking."

In Powell v. Alabama, 287 US 45 (1932), a denial of effective and substantial assistance from counsel in a capital case was held to constitute a violation of the defendant's right to due process of the law within the meaning of the Fourteenth Amendment of the United States Constitution. Gideon v. Wainwright, 372 US 335 (1963), extended this fundamental and essential right of counsel to all criminal prosecutions.

In People v. Blevins, 251 Ill 381, 390, 96 NE 214 (1911), our Supreme Court stated:

> "(I)t is the duty of the court that counsel is assigned having sufficient ability and experience to fairly represent the defendant, present his defense and protect him from undue oppression."

This standard was repeated in People v. Morris, 3 Ill2d 437, 445, 121 NE2d 810 (1954), where the court reviewed a series of Illinois cases reversing convictions based in part upon the incompetency of the trial counsel.

Our review of the conduct of the instant trial demonstrates that the conduct of the defendant's counsel did not measure up to that expected of a competent and conscientious trial attorney. The State argues that the defendant is not entitled to a reversal unless the incompetency of counsel visited substantial prejudice on the defendant. People v. Dean, 31 Ill2d 214, 201 NE2d 405 (1964) ; People v. Anthony, 28 Ill2d 65, 190 NE2d 837 (1963).

Because we feel that defendant is entitled to a new trial, we must refrain from expressing any opinion upon the sufficiency of the evidence, both as to the prosecution and the defense of entrapment. This case must be retried and what evidence will be adduced in a second

trial is not before this court. People v. Ruffin, 406 Ill 437, 442, 94 NE2d 433 (1950). However, in response to the State's argument that substantial prejudice is not shown, we think a fair reading of the record would at best indicate that defendant was guilty of possession of narcotics and not sale. The difference in the severity of the sentences attached to these related offenses is adequate demonstration of the prejudice visited upon the defendant.

By our opinion today, we express no judgment on the general quality and criminal law experience of bar association attorneys, nor do we express any opinion with respect to the method by which such attorneys are appointed. Our ruling is limited solely to the peculiar facts of the instant case in which the court appointed attorney failed to demonstrate that he had any experience in criminal matters or was familiar with certain basic rules of criminal trial procedure.

For the foregoing reasons, this cause is reversed and remanded for a new trial. It is therefore unnecessary for us to discuss the issues raised by defendant with respect to the denial of his petition under section 72.

Reversed and remanded for new trial.

BURMAN, P. J. and MURPHY, J., concur.