People of the State of Illinois, Plaintiff-Appellee, v. Thomas Brown, Defendant-Appellant.

Gen. No. 53,950.

First District, Fourth Division.

October 29, 1969.

Arthur J. Schoenfeld, of Chicago (Louis Carbonaro, of counsel), for appellant.

William J. Scott, Attorney General of State of Illinois, of Springfield (Fred G. Leach, Assistant Attorney General, Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, and Elmer C. Kissane and Michael D. Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

Thomas Brown and James Perry were charged with unlawful sale of a narcotic drug. After a nonjury trial, Perry was acquitted; Brown was convicted. Post-trial motions were overruled; and Brown was sentenced to serve a term of not less than ten years and not more than ten years and one day.

Brown, referred to hereafter as the defendant, appeals to this court contending that (1) the finding of guilty was based on prejudicial and incompetent evidence; and (2) the evidence failed to prove him guilty beyond a reasonable doubt as required by law.

These contentions arise from events which began at noon on October 19, 1962. An informer named Charles Perry, also known as James Dunn, hereafter referred to as the informer, went to the Central Police Station in the City of Chicago and spoke with Officers Edward Jackson and Joseph Johnson of the Narcotic Unit. The informer was known to the two officers. After some conversation in the station, Jackson and Johnson took the informer to the corner of 51st and State Streets where they were joined by three other policemen. The informer was taken to a parking lot, searched, and found free of narcotics or money. He then was given money consisting of a $5 bill and five $1 bills. The serial numbers on the bills were recorded on a list retained by the officers. Then, the informer and Officers Jackson and Johnson drove to the corner of 47th Street and Drexel Boulevard.

From that point, the informer walked west on 47th Street to a tavern called "The Nugget" looking for the defendant. He was not there. The informer then walked westerly on 47th Street to Evans Avenue. According to the informer (who testified on behalf of the State), the defendant was standing on the corner. He told defendant he "wanted to get two bags." Defendant told the informer to follow him into a poolroom nearby where, on defendant's instructions, Perry gave the informer two tinfoil packages later found to contain heroin. The informer gave defendant the ten dollars of prerecorded money. He then left the poolroom, met Officer Jackson a short distance away, gave him the two tinfoil packages and descriptions of the two men he said sold the packages to him. A few minutes later, defendant was arrested in the poolroom, and Perry a short distance away. In defend-

ant's possession was found the prerecorded money. Defendant and Perry were then taken to the Central Police Station where at around 2:00 p. m. the informer identified them as the two men with whom he had dealt inside the poolroom, but out of sight and presence of the police officers.

First, it is contended that the finding of guilty was based on prejudicial and incompetent evidence consisting of uncorroborated testimony of the informer that defendant sold him narcotics on a prior occasion. This evidence was elicited when defendant's counsel cross-examined the informer. Careful reading of the proceedings discloses that it required pointed cross-examination to draw the testimony which it is contended was prejudicial. No objection was made to the answers given, nor was there any motion to strike the evidence now claimed to be offensive.

It is a well-settled rule that prejudicial statements which a defendant invites by cross-examination do not constitute reversible error. People v. Thigpen, 33 Ill 2d 595, 213 NE2d 534; People v. Burage, 23 Ill2d 280, 178 NE2d 389, cert den 369 US 808, 82 S Ct 651. It is also well settled that the prosecution is not responsible for questions asked its witnesses by a defendant's attorney, nor for the responses its witnesses give under cross-examination. People v. Burage, supra; People v. DeBerry, 62 Ill App2d 323, 211 NE2d 26.

Defendant's second contention is that he was not proved guilty beyond a reasonable doubt. First, it is argued that the evidence on which the trial court based its finding of guilty was mainly the testimony of an addict-informer whose conduct in making the "controlled buy" was not surveilled and whose testimony was not corroborated.

Absence of total surveillance by the officers goes only to the weight of the informer's testimony. People v. Frank, 51 Ill App2d 251, 201 NE2d 197. There-

fore, we find no merit in the argument that attacks the sufficiency of the evidence on this ground. Likewise, we find no merit in the argument that the testimony of the informer was not corroborated. Finding of the marked money on defendant was at least corroborative of the informer's testimony concerning the ten dollars. People v. Hines, 30 Ill2d 152, 195 NE2d 712. In the context of the facts of this case, therefore, defendant's reliance on People v. Bazemore, 25 Ill2d 74, 182 NE2d 649 is misplaced.

Second, it is argued that when the trial judge acquitted the codefendant because, as he stated for the record, he disbelieved an important part of the addict-informer's testimony, there was no evidence of delivery of the narcotics by the defendant. According to the informer, he met defendant on the corner of 47th Street and Evans Avenue. He told him that he wanted to get two bags. He swore that he followed defendant into the poolroom where he gave him the $10, but at defendant's direction the two bags of narcotics were given to the informer by the codefendant Perry. It was this latter testimony of the informer concerning delivery of the narcotics that the trial judge disbelieved when he said, "I don't believe the informer is telling the truth when he says he paid the money to Brown and Brown told Perry to hand him the narcotics." Disbelief by the trial judge of the only evidence that proved delivery of the narcotics, a disbelief expressed by a conclusion that the informer was not telling the truth in this regard, does not have the legal consequence claimed by defendant.

■ The indictment charged unlawful sale of a narcotic drug. The definition of "sale" in the Uniform Narcotic Drug Act includes making an offer of sale. Ill Rev Stats (1961), c 38, § 22–2–(1). "[A] mere gift, *a simple offer* or agreement to sell, or the delivery to one who has agreed to purchase, constitutes a sale of narcotics, notwithstanding the fact that no consideration is paid,

or that the sale is not fully completed by payment of the agreed price." People v. Robinson, 14 Ill2d 325, 332, 153 NE2d 65. (Emphasis supplied.)

The record includes much testimony of the informer which the trial judge believed when he said, "I think the State has made an ironclad case against Thomas Brown." This includes the informer's testimony that he told defendant he wanted two bags of heroin, to which defendant replied, "follow me." The informer testified he gave the ten dollars to defendant; and this testimony was corroborated by discovery of the prerecorded bills on defendant's person by the police. From the comments of the trial judge concerning the evidence, it appears clear that it was only inclusion of the codefendant in the delivery of the narcotics, without receipt of money by him and without corroboration of any kind, that caused the court's disbelief. There is nothing in the record that indicates any doubt in the trial judge's mind concerning the truth of the informer's testimony insofar as it established an offer of sale of narcotics by the defendant. We conclude, therefore, that defendant's guilt was established beyond a reasonable doubt. People v. Frank, 51 Ill App2d 251, 201 NE2d 197.

Judgment is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.