**People of the State of Illinois, Plaintiff-Appellee, v.
James O'Laughlin, Defendant-Appellant.**

Gen. No. 11,180.

Fourth District.

April 28, 1970.

John C. Weinman, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, and Garry E. Davis, Assistant State's Attorney, for appellee.

CRAVEN, P. J., delivered the opinion of the court.

The defendant appeals after a plea of guilty to a charge of burglary and a sentence of one to ten years. The defendant asserts in this court that he did not knowingly waive his right to present evidence in mitigation and that his court-appointed counsel was incompetent in failing to request a hearing in mitigation and in his failure to object to certain matters set forth in the probation report. He further askes this court to reduce the sentence as disproportionate to the offense and excessive.

On May 19, 1969, the defendant pleaded guilty to the charge of burglary and filed a petition for probation. The report of the probation officer was thereafter filed and a hearing was held on defendant's request for probation. The probation report recommended that probation be denied. At the time of the probation hearing the record indicates that the defendant and his court-appointed counsel had read the report of the probation officer and, except for the recommendation, indicated that the information contained therein was substantially correct. The court denied probation and then called the cause for hearing evidence in aggravation and mitigation. The People waived the right to present evidence in aggravation and the defendant, through his attorney, waived the right to offer evidence in mitigation. Thereafter the court sentenced the defendant to an indeterminate term with a minimum of one year and a maximum of ten years.

The trial court then advised the defendant of his right to appeal in accordance with Rule 605 of the Rules of the Illinois Supreme Court (Ill Rev Stats 1967, c 110A,

219

§ 605). The defendant at that time indicated he did not want to appeal but at a later date indicated to the court his desire to appeal.

In People v. Nelson, 41 Ill2d 364, 367, 243 NE2d 225, 227 (1969), the court stated:

> "The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. We have held that it is incumbent on the defendant to request hearing, and failure to do so constitutes a waiver. (People v. Muniz, 31 Ill2d 130, 138 [198 NE2d 855].) . . . When defendant's counsel was asked if he had any witnesses he replied that he did not and when asked if he had any comments he replied 'I have no comments, your honor.' A hearing in mitigation and aggravation was had, defendant was given ample opportunity to be heard and his failure to take advantage of it constituted a waiver."

Here, as in Nelson, the defendant was afforded an opportunity to present anything relevant to sentence in mitigation. This record establishes a waiver of that right.

Having examined the probation report and the information therein contained relevant to the defendant and his prior record, it cannot reasonably be said that waiver of matters in mitigation on behalf of the defendant by and through his counsel establish in any way incompetence of counsel. Nothing is suggested here to indicate that waiver of hearing in mitigation operated to the substantial prejudice of the defendant nor to indicate the incompetence of counsel. See People v. Dean, 31 Ill2d 214, 201 NE2d 405 (1964).

The appellant suggests that it was error for the trial court to receive and consider evidence relating to prior

arrests which did not result in convictions and cites in support thereof People v. Jackson, 95 Ill App2d 193, 238 NE2d 196 (1st Dist 1968). In the instant case there was no evidence received in aggravation. The probation report, however, did contain an arrest record from the files of the Decatur Police Department and a record, more commonly referred to as a "rap" sheet, relating to the defendant from the Department of Public Safety, Bureau of Criminal Identification and Investigation. These two documents do indicate occasions where the defendant was arrested and charges made with disposition not shown or dismissal thereof being shown.

■ Once guilt has been ascertained, either by trial or a plea of guilty, then the sentencing process is undertaken. A sentencing judge is not limited to the narrow issue of guilt nor are the stringent rules of evidence applicable to that stage of the proceeding. His task, within fixed statutory or constitutional limits, is to determine the type and extent of punishment. Highly relevant, if not essential, to his selection of an appropriate sentence is the possession of the fullest information possible. Consideration of the information in the probation report here, at this stage of the case, was not objectionable. See People v. Spann, 20 Ill2d 338, 169 NE2d 781 (1960).

In People v. Forman, 108 Ill App2d 482, 247 NE2d 917 (4th Dist 1969), we discussed the Jackson case which, on its facts, indicates that the trial judge gave consideration and weight to prior arrests which did not result in convictions. There is no such intimation in the record in the instant case, and we adhere to the views expressed in Forman with reference to the desirability of a sentencing judge, after the issue of guilt has been determined, having the fullest information possible relevant to the sentence to be imposed.

■ We turn next to defendant's contention that the sentence here is excessive. In this case the court imposed a true indeterminate sentence, employing the statutory

minimum as the minimum sentence. The ten-year maximum is not excessive. It is most desirable in the fulfillment of the sentencing function that the sentencing judge impose an indeterminate sentence—one that gives great latitude to parole authorities. That is obviously what the court did in this case, and the sentence here is exactly in accord with every concept of modern penology and sentencing. See: People v. Brown, 60 Ill App2d 447, 208 NE2d 629 (1st Dist 1965) ; People v. Scott, 117 Ill App2d 344, 253 NE2d 553 (4th Dist 1969). A sentence such as the one here involved affords the appellant early parole eligibility and the opportunity to convince the parole authorities of the desirability of putting him on parole. A sentence such as this decreases the possibility of disparate sentencing. The judgment of the Circuit Court of Macon County and the sentence imposed are affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.