The People of the State of Illinois, Plaintiff-Appellee, *v.* Ardene Blackburn, Defendant-Appellant.

(No. 52943;

First District—June 24, 1971.

Charles L. Mervis, Gerald W. Getty, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with the unlawful sale of narcotics. After a bench trial he was convicted and sentenced to a term of 10 to 15 years in the penitentiary. He was represented at trial by the public defender. The public defender originally prosecuted this appeal, arguing that defendant was not proved guilty beyond a reasonable doubt, and that the court erred in accepting his jury waiver. The public defender then sought and was granted leave by this court to withdraw. Appointed counsel has filed a supplemental brief adopting the contentions of the public defender, and also contending that trial counsel was so incompetent as to have deprived defendant of a fair trial.

This involved a controlled purchase of narcotics. A police informer testified that she informed Officer Crosier of the Chicago Police Department that she could make a narcotics purchase. At the police station she was searched by a matron and then was given a ten dollar bill and five singles after the money had been treated with tracing powder and the serial numbers recorded. Officers Crosier, Cantrell and Kelly accompanied her to 55th Place and Indiana in Chicago. The informer testified that she continued on foot to a nearby poolroom where she entered and saw James Rogers. When she told Rogers why she was there and that she had fifteen dollars, Rogers told her to see defendant. The informer then talked to defendant and gave him the money. Defendant told the informer to wait for him in front of a nearby elevated train station entrance. After she waited a while, defendant appeared and, while purporting to shake hands, gave her a package of white powder, which she subsequently turned over to a police officer. It was stipulated that the powder was heroin. The informer further testified that she was an addict, had a misdemeanor narcotics charge pending against her, and that the police officer had promised to try and get some consideration for her in court.

Officer Cantrell testified that he was outside the poolroom, and that he observed a conversation taking place between the informer and Rogers, and a subsequent conversation between the informer and defendant. He saw the informer giving money to defendant. The officer followed defendant from the poolroom to a nearby grocery store where, from the outside, he observed defendant purchase a package of cigarettes with a ten dollar bill and also receive change for a five dollar bill. The officer then followed defendant to the elevated station and observed defendant shaking hands with the informer. Defendant was arrested, and the marked ten dollar bill was recovered at the grocery store. At the police station, the marked money and defendant's hands were exposed

to ultraviolet light, and the tracing powder appeared on both. (Rogers, not involved in this appeal, was arrested and indicted along with defendant. He did not appear for trial, and a warrant was issued for his arrest.)

■■ Defendant first contends that he was not proved guilty beyond a reasonable doubt, arguing that the testimony of the addict-informer was insufficient, and that the use of such an informer was a violation of defendant's due process.

In *People v. Brown* (1969), 116 Ill.App.2d 228, 253 N.E.2d 478, this court stated at pp. 231-232:

> "\* \* \* it is argued that the evidence on which the trial court based its findings of guilty was mainly the testimony of an addict-informer whose conduct in making the "controlled buy" was not surveilled and whose testimony was not corroborated. Absence of total surveillance by the officers goes only to the weight of the informer's testimony. People v. Frank, 51 Ill.App.2d 251, 201 N.E.2d 197. Therefore, we find no merit in the argument that attacks the sufficiency of the evidence on this ground."

Clearly, if the testimony of an addict-informer standing alone is sufficient to sustain a finding of guilt, then certainly the clear and convincing testimony of an informer, strongly corroborated by the testimony of the police officer, as in the instant case, is sufficient to sustain that burden. The officer testified as to everything that transpired during the transaction except for the substance of the conversation in the poolroom and the actual passing of the narcotics during the purported handshake. The fact that the informer had an unrelated criminal charge pending against her and had been promised consideration was not sufficient in itself to create a reasonable doubt of defendant's guilt.

In attacking the sufficiency of the evidence, defendant also notes that there was no testimony as to the thoroughness of the matron's search of the informer. The thoroughness of such a search affects only the credibility of the witness and the weight to be given that testimony, and is primarily the responsibility of the trier of fact. (*People v. Frank* (1964), 51 Ill.App.2d 251, 201 N.E.2d 197.) The same principle applies to defendant's argument that the presence of tracing powder on his hands was not probative of guilt because he easily could have obtained the powder when he shook the informer's hand.

We also find that there was no adverse inference created against the State by failure to call as a witness the store clerk who received the marked money from defendant. For such a negative inference to arise, the available witness must have some knowledge of a disputed event as to demand an explanation of his absence. (*People v. Williamson* (1966),

78 Ill.App.2d 90, 223 N.E.453.) In the instant case, the arresting officer, though farther away, had a better opportunity than the clerk to observe the cigarette purchase because he had a reason for watching defendant's actions. Nor was the officer's testimony on this point discredited in any way.

■■ Also under the heading that he was not proved guilty beyond a reasonable doubt, defendant maintains that the State's use as a witness of an addict-informer violated his right to due process under the Fourteenth Amendment. In so arguing, he attempts to apply a principle enunciated in *Williamson v. United States* (5th Cir. 1962), 311 F.2d 441, to the instant facts. In *Williamson* an informer was promised a payment of money contingent upon his purchase of illegal whiskey from defendant which would lead to a conviction for the illegal sale. The reviewing court rejected the use of a contingent fee informer paid for the conviction of a specific defendant, absent a showing of prior knowledge of his trafficking in illegal whiskey. The court considered the practice of a pre-agreed fee contingent upon an illegal purchase of whiskey from named suspects so saturated with the risk of entrapment that the court refused to allow the practice as a matter of policy. The case is clearly distinguished from the case at bar both in fact and in principle. The instant facts do not suggest conduct which could be reasonably construed as entrapment. Controlled purchases of narcotics have been approved so often by our courts as not to require citation of authority. The trier of fact was aware of the pending charge against the informer, and it was his responsibility to determine her credibility. Defendant was proved guilty beyond a reasonable doubt.

We find no merit in defendant's next argument that he did not knowingly and understandingly waive his right to a jury trial. Defense counsel stated that he had explained to defendant his right to a jury trial, its advantages and disadvantages, and informed the court that defendant wished to be tried by the court. The court asked defendant if he wished the court to hear the case rather than a jury, and inquired if defendant understood what was happening. Defendant replied affirmatively. The court again asked defendant if he wished to be tried by a judge rather than a jury. Defendant once more replied affirmatively. The court then accepted the written jury waiver. It has been held that where defendant's attorney in defendant's presence and without objection by defendant waived a jury trial, defendant was deemed to have acquiesced in, and to be bound by, his attorney's action. (*People v. Sailor* (1969), 43 Ill.2d 256, 253 N.E.2d 397.) In the instant case, not only did defendant's attorney announce a jury waiver, but defendant himself clearly and unequivocally replied affirmatively when asked if he wished to be tried by the judge rather than by a jury. His request for a nonjury trial was clear

and unmistakable. The circumstances amply demonstrate that the jury waiver was knowingly made by defendant.

■■ Defendant's final contention is that his representation at trial by the public defender was so incompetent and inadequate as to have deprived him of due process. It is well settled that the incompetency of counsel necessary to constitute denial of an accused's right to counsel must be conduct of such defective character as to make the defense a farce. (*People v. Dean* (1964), 31 Ill.2d 214, 201 N.E.2d 405.) It must also be shown that substantial prejudice was visited on defendant because of the alleged errors of court-appointed counsel. (*People v. Ashley* (1966), 34 Ill.2d 402, 216 N.E.2d 126.) Neither incompetency of counsel nor prejudice to defendant has been demonstrated in the instant case.

■■ The public defender was appointed to represent defendant six weeks prior to trial. The defender immediately moved for an order requiring the State to produce all discovery information. After three court appearances, the discovery information was produced some four weeks prior to trial. The day before trial, the public defender moved for a severance of trial from that of Rogers. That motion was denied; however Rogers did not appear for trial. Prior to trial, the public defender obtained a written transcript of the preliminary hearing proceedings. He also obtained an order from the court allowing him to interview the informer and police officers. The State made the witnesses available, but the witnesses refused to answer any questions.

Defendant concedes that the actions of the public defender prior to trial were vigorous and proper, but argues that the assistant public defender who tried the case was not assigned to defend him until the day before trial, and that he was not prepared. It has been held that the fact that an assistant public defender, other than the one originally appearing, actually tried the case falls far short of proving that defendant suffered any prejudice. *People v. Jackson* (1963), 28 Ill.2d 37, 190 N.E.2d 823.) Moreover it was trial counsel who moved for severance and who obtained the order to interview the State's witnesses. More importantly, an examination of the record and particularly of his vigorous cross-examination reveals that trial counsel had familiarized himself with the facts of the case and was well prepared to represent defendant. His failure to seek the grand jury minutes during trial, especially since he had the report of proceedings of the preliminary hearing, did not render his representation as defective. Nor does defendant show that he was prejudiced by this omission.

■■ Defendant also argues that a statement made by counsel during the hearing in aggravation and mitigation indicates that he was not pre-

pared to represent him and was unaware of the contents of certain undiscovered material. Counsel stated:

"Lawyers have an extreme amount of discretion in determining how to present a case on a bench trial. And if at times that discretion results in a finding that is contrary to the feeling of the attorney handling the case, the attorney feels somewhat remiss and feels that perhaps there was some element that wasn't appropriately handled at the trial level.

And in a case of this nature, where the conviction resulted in a conviction for unlawful sale, this finding came as a shock to me, as counsel handling a case of this nature. * * * I urge the Court to allow me to have a short period of time, possibly a few hours of a day or more, to prepare for this hearing.

\* \* \*

If I could review that in that fashion, I feel I could present to the Court, in mitigation, matters in the interest of justice, so the court could make an appropriate ruling."

The above statement was one of disappointment at the result, but in no way did it indicate the counsel was unprepared or unaware of any additional defense that could have been presented. Certainly, the statement does not prove incompetence on the part of trial counsel.

Finally defendant maintains that a statement made by counsel during closing argument was prejudicial to defendant in that it in effect pleaded him guilty to a charge of possession of narcotics. After arguing at length that defendant was not guilty of any crime, counsel stated that, even if the court were satisfied with the State's proof, there should be a finding as to possession of narcotics rather than sale. The statement was not a confession of guilt, and under the circumstances, it was a valid argument to make.

The judgment of the Circut Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.