THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDDIE L. WHITE, Defendant-Appellant.

(No. 11637;

Fourth District—February 7, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Basil G. Greanias State's Attorney, of Decatur, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant, Freddie Lee White, was convicted of the crime of Forgery, after trial by jury, and was originally sentenced to an indeterminate term of four to fourteen years. He prosecuted an appeal to this Court, and the facts upon which the conviction was obtained, are set forth in *People v. White*, (Ill.App.2d), 267 N.E.2d, 129. The result of the decision in White was affirmance of defendant's conviction with the sentence vacated and remand for resentence for the reasons stated in the opinion.

■■ Pursuant to the mandate defendant was resentenced, this time to an indeterminate term of four to eight years. Defendant appeals and urges that: 1) it was error to permit a judge, other than the trial judge, to impose the second sentence. In support of this contention defendant cites *The People v. Mamolella* 42 Ill.2d, 69, 245 N.E.2d, 485, which bears no discernible relation to the point under which it cited. In *Mamolella* the defendant urged, as error, the denial of a motion for change of venue. The court held that "In the absence of a showing that defendant would be substantially prejudiced, the *post-conviction petition* should be heard by the same judge who rendered the original judgment". (Emphasis supplied.) *Mamolella* does not stand for the proposition for which it is cited here. No other authority is cited and despite defendant's statement that "* * * he has the right to be sentenced by the judge before whom he was tried, in the absence of exceptional circumstances such as death or incapacity", we know of no rule which requires, on remand for resentencing, that the same judge preside. Indeed, had this occurred defendant would no doubt be urging that circumstance as error.

Defendant also urges that the judge who imposed the second sentence committed error because "* * * he considered a fourth term discharge as a conviction".

This defendant had previously been convicted, in 1963, of theft, sen-

tenced to two concurrent one year sentences in the Penal Farm and discharged after serving a total of one year and six months.

On September 27, 1966, he entered a plea of guilty to the crime of Forgery and was admitted to probation for a period of five years. On May 17, 1967, he was again arrested on a complaint charging Forgery. On June 21, 1967, a petition alleging violation of probation was filed and warrant issued. On September 15, 1967, the defendant filed a motion to dismiss the complaint and the trial court allowed the motion on the ground that defendant had not been brought to trial within 120 days. The motion to dismiss the Petition which alleged violation of the probation order was denied, and after hearing, defendant's probation was revoked and he was sentenced two to five years in the penitentiary. The basis for the revocation was the forgery alleged in the complaint which had been dismissed because of the 120 day rule. In the hearing on the Petition to Revoke Probation evidence of that crime was admitted.

Defendant thereupon appealed contending that since prosecution was barred by the 120 day rule, it was error for the court to have received and considered evidence of the offense charged during the hearing on the Petition and to bottom the revocation on that proof. We held that the evidence was properly received and affirmed the trial court. *People v. White*, 98 Ill.App.2d, 1, 239 N.E.2d, 854.

■■ Defendant complains that the resentencing judge here improperly considered the revocation of probation as a "conviction". This contention is without merit and amounts to nothing more than a play on words, and an unconvincing one at that. No case has been cited for the proposition that a judge, in imposing sentence, or in deciding whether or not to admit a defendant to probation, may not properly consider that he had previously been admitted to probation and suffered a subsequent revocation for violation of the terms of the order. The judge would be remiss in his duty if he failed to do so.

■■ "A sentencing judge is not limited to the narrow issue of guilt nor are the stringent rules of evidence applicable to that stage of the proceeding. His task, within fixed statutory or constitutional limits, is to determine the type and extent of punishment. Highly relevant, if not essential, to his selection of an appropriate sentence is the possession of the fullest information possible." *People v. O'Laughlin*, 122 Ill.App.2d, 218, 221, 258 N.E.2d, 154.

Defendant also urges that he was not afforded effective assistance of counsel because he "* * * was clearly unfamiliar with the original trial". There is not one shred of evidence to substantiate the statement that counsel was unfamiliar with the original trial, nor is there any sug-

gestion as to how that might have helped, or hindered, his representation of defendant at the resentencing hearing.

Defendant also urges that defendant's counsel was unfamiliar with matters of mitigation and that the sentence is excessive. What matters of mitigation? After conferring with defendant, counsel stated that they had no evidence to offer in mitigation and defendant made no objection to the waiver. Now is there any suggestion here as to what "matters of mitigation" are referred to, nor indeed any indication on the record that any existed.

■■ "The burden of presenting mitigation circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review." (*People v. Nelson,* 41 Ill.2d, 364, 367, 243 N.E.2d, 225, 227.) The record here shows that the defendant, through his counsel, waived the right to offer evidence in mitigation; that the waiver was done in open court, in the presence of the defendant, who made no objection.

The record here discloses that prior to resentencing the trial judge ordered a presentence report, a copy of which was furnished to defendant and his counsel, and the record discloses that in 1963 the defendant had been convicted on two counts for Theft and sentenced to two one year concurrent sentences to the State Penal Farm and served one year and six months on those sentences; that he had been convicted in 1966 of the crime of Forgery, granted probation for a period of five years which probation had been revoked because of another Forgery committed during the period of probation as a result of which he had been sentenced to the Illinois State Penitentiary for an indeterminate term of two to five years from which sentence he was paroled after serving two years of his sentence. It is apparent from the remarks of the resentencing judge that he carefully and conscientiously considered the sentence imposed. He considered the contents of the presentence report and defendant's prior record and found that the fourteen year maximum originally imposed was too high, but that the minimum, in view of the  history of crimes previously committed and defendant's failure to respond to probation, was proper. The sentence is well within the statutory limits. (Sec. 17—3(d), Ch. 38, I.R.S., 1967.)

■■■ Our authority to reduce sentence is to be applied with caution and circumspection. *People v. Taylor,* 33 Ill.2d. 417, 424, 211 N.E.2d, 673; *People v. Nicholls,* 44 Ill.2d, 533, 540, 256 N.E.2d, 818.) In view of defendant's record of prior convictions, including violation of probation previously granted we cannot say that the possibility of rehabilitation would be enhanced by a lighter sentence. (*People v. Eubank,* 46 Ill.2d,

383, 394, 263 N.E.2d, 869.) There is nothing in the record before us to warrant our interference in the exercise of discretion by the resentencing judge in imposing the sentence here complained of.

The record further shows that counsel who represented the defendant at the resentencing hearing stated to the Court, when the matter was called for hearing, that he had talked briefly to the defendant that morning and requested a recess for further conference which was granted. After approximately fifteen minutes the hearing was resumed. The People stated that they did not desire to offer evidence in aggravation and defendant's counsel indicated that the defendant did not desire to offer evidence in mitigation. Counsel then referred to the presentence report which the Court had ordered to be made prior to resentencing and requested that the Court not consider charges which had been dismissed and the Court indicated that he would not consider such matters. Counsel then argued at length to the Court, on behalf of the defendant, that the minimum as well as the maximum of the original sentence should be reduced and called the attention of the judge to the dissent of Justice Craven rendered in connection with this case in *People v. White*, (Ill. App.2d), 267 N.E.2d, 129, 132, and urged the Court to fix a minimum of one year.

■■■ "Incompetency of counsel such as to constitute denial of an accused's right to counsel is conduct of such defective character as to make the defense a farce  *  *  *  substantial prejudice must be visited on defendant because of the alleged errors of court-appointed counsel *  *  *." *People v. Dean*, 31 Ill.2d 214, 218, 201 N.E.2d 405.

■■ Tested by this standard, it is clear that this record does not disclose lack of effective representation by counsel.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.