(No. 14434.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY GREENBERG, Plaintiff in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*an information for petit larceny need not charge the larceny was committed feloniously.* Since the amendment of the Criminal Code in 1911, larceny of property of the value of $15 or less is not an infamous crime, and an information charging petit larceny is not faulty in failing to charge that the larceny was committed feloniously.

2. SAME—*when a conviction will not be reversed although the complaining witness is contradicted by accused.* A conviction of the crime of larceny will not be reversed although the complaining witness, alone, testifies to the commission of the crime and he is contradicted by the accused, unless from a careful consideration of the whole testimony there is clearly a well-founded doubt of the guilt of the accused.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

MILES J. DEVINE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

In the municipal court of Chicago, in December, 1919, Harry Greenberg, plaintiff in error, was found guilty of larceny and sentenced to the house of correction. The case was taken to the Appellate Court and the judgment of the municipal court was affirmed. This writ of error has been sued out to review the record.

Plaintiff in error was arrested on November 23, 1919, on an information by Mike Siedlecki, charging him with having wrongfully and unlawfully taken, stolen and carried away $2.10 in money and a pocket-book. Plaintiff in error in this case waived a jury, and after a hearing was found guilty of larceny as charged in the information and sentenced to confinement at labor in the house of correction in Chicago for a term of three months and also to pay a fine, to be worked out by him.

It is first insisted by counsel for plaintiff in error that the information was faulty in not charging that the offense was committed "feloniously." Larceny, when the property stolen is of the value of $15 or less, and since the amendment of the Criminal Code in 1911, (Hurd's Stat. 1921, p. 1136,) is not an infamous crime. This being so, it is not necessary to allege the stealing was done feloniously. (*People* v. *Connors*, 301 Ill. 112.) The information was not faulty in the respect urged by counsel for plaintiff in error.

It is further urged that the evidence did not justify the conviction. Siedlecki's testimony was to the effect that he is a laborer and was on a street car in Chicago on November 2, 1919; that as he boarded the car plaintiff in error and a man whose name was afterwards found to be Brown, and who was apparently tried and convicted at the same time as Greenberg, also boarded the car; that it was between four and five o'clock in the afternoon, when the cars are crowded; that he felt somebody's hand in his pocket and turned around and then put his hand in his pocket and found that his pocket-book was gone; that then plaintiff in error and Brown jumped off the car. Siedlecki testified he rode a short distance and got off, walking back to his son-in-law's house to report his loss; that he then went back to Forty-eighth street and Ashland avenue and saw plaintiff in error and Brown jump on the car again in the same way; that one of them gave a motion and both jumped off; that he then reported the matter to the police. The

record shows that these two men, Greenberg and Brown, were afterwards arrested and that Siedlecki identified both of them as the two men who were on the car when his pocket was picked.

Both plaintiff in error and Brown testified on the trial that before Siedlecki picked them out at the police station they were pointed out to him as the men by police officers. This is denied by Siedlecki, as it was also by the officers who then had them in charge. Plaintiff in error and Brown also testified that they heard Siedlecki tell Judge Trude that he did not want to prosecute these men because he was not sure they were the ones, and also that Siedlecki wrote a letter to Judge Trude to that effect. Siedlecki denied that he had written Judge Trude or had stated to him on the trial that he did not want to prosecute the men. Greenberg testified that he was at home on November 2; that he remembered the day because he had a dinner for his boy on that day; that the first time he was at Ashland avenue and Forty-eighth street was when he was arrested by the officers, on November 23; that at that time he was going to a Russian bath at Fourteenth street near Sangamon street and while waiting for a car was arrested. The attorney for plaintiff in error also testified that Siedlecki said in Judge Trude's court that he was not positive of the men.

There can be no question that there was a conflict in the evidence on the hearing as to whether or not plaintiff in error was guilty of the offense charged. This court has more than once said that a conviction will not be reversed simply because only the complaining witness testifies to the commission of the crime·and he is contradicted by the accused. (*People* v. *Zurek,* 277 Ill. 621; *People* v. *Schoop,* 288 id. 44.) The court will only reverse the conviction on the evidence when it is able to say, from a careful consideration of the whole testimony, that there is clearly a reasonable and well-founded doubt of the guilt of the accused. (*People* v. *Schoop, supra; People* v. *Grosenheider,* 266 Ill.

324.) We cannot say from this evidence that there was a reasonable doubt of plaintiff in error's guilt.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*