(No. 22691.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM GARAMONY, Plaintiff in Error.

*Opinion filed December 19, 1934—Rehearing denied Feb. 12, 1935.*

JEREMIAH SULLIVAN, and J. B. O'CONNELL, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

William Garamony was found guilty of arson by a jury in the criminal court of Cook county, was sentenced to the penitentiary, and sues out this writ of error to review that judgment.

Plaintiff in error occupied a building on North Narragansett avenue, in the city of Chicago, which was burned early in the morning of March 5, 1934. When the fire department arrived they found two men, William Haas and Charles Nicasia, at the scene of the fire, one of them having been injured by some of the material which fell from the building. Plaintiff in error was not present. After an investigation as to the cause of the fire Haas and Nicasia were arrested, and Haas confessed that he helped to start it. He was the principal witness for the People, testifying that plaintiff in error, Nicasia and himself procured the gasolene, spread it around the premises and put some movie camera film on the floor. When this was lighted it exploded, causing the injury to Nicasia. He further testified that the three of them were to meet at Rondout, Illinois, the next morning and tell plaintiff in error how the fire turned out; that they did go to Rondout and did tell plaintiff in error that the place was burned and about Nicasia being injured. Plaintiff in error testified in his own behalf, denying any knowledge of the origin of the fire.

Plaintiff in error contends (1) that the court erred in not directing a verdict for the defendant; (2) that the

verdict is contrary to the law and the evidence; (3) that the verdict is not supported by the evidence; (4) that the evidence does not show the defendant guilty beyond a reasonable doubt; (5) that the court permitted introduction of incompetent, irrelevant and immaterial evidence which was prejudicial; (6) that the court erred in denying a motion for a new trial because of a variance between the allegations in the indictment and the proof; and (7) that the court erred in denying a motion in arrest of judgment, claiming that plaintiff in error had been found guilty of a crime as to which there was no legal evidence to show his guilt.

Plaintiff in error in his brief cites no cases and in his argument points out no evidence which he claims to have been wrongfully admitted. · He contends, however, that there is a fatal variance between the allegation in the indictment and the evidence. This point was not raised during the trial, nor was there any objection to the evidence when the witnesses testified as to the location of the building. The variance was not pointed out to the court until after the verdict and on a motion for a new trial. We have made it clear by our holdings that it is the duty of the defendant in a criminal case to point out any variance which he deems material or substantial during the taking of the evidence, so that the trial court may have an opportunity to pass upon it at the time it is offered. Unless this practice is followed the trial court is not called upon to grant a new trial because of variance, except where it is clearly shown to have been prejudicial to the defendant. No such showing is made by this record. The variance in this case did not affect its merits and did not surprise the defendant nor embarrass his defense. By his failure to call the attention of the trial court to it before the closing of the evidence and by failing to move to exclude the evidence because of variance he is deemed to have waived the objection. *People* v. *Melnick,* 274 Ill. 616; *Greene* v.

*People,* 182 id. 278; *Libby, McNeill & Libby* v. *Scherman,* 146 id. 540.

The only other point to be considered is the contention that the guilt of the defendant was not shown beyond a reasonable doubt. The jury, which saw and heard the witnesses, gave credit to the testimony of Haas rather than to that of plaintiff in error, which was within its province. This court will only reverse a conviction on the evidence when it is able to say, from a careful consideration of the whole testimony, that there is clearly a reasonable and well founded doubt of the guilt of the accused. *People* v. *Greenberg,* 302 Ill. 566; *People* v. *Schoop,* 288 id. 44; *People* v. *Grosenheider,* 266 id. 324; *People* v. *Fortino,* 356 id. 415.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*