(No. 37131.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE JOHN FURMAN, Plaintiff in Error.

*Opinion filed November 30, 1962.*

GEORGE JOHN FURMAN, *pro se.*

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant George John Furman pleaded guilty to two indictments charging him with the crimes of burglary of two school buildings of two separate school districts in La Grange, Illinois, and was sentenced by the criminal court of Cook County to the Illinois State Penitentiary for concurrent terms of not less than two years nor more than eight years. Defendant thereupon prosecuted this writ of error in which he contends that the indictments were fatally defective in that ownership of the burglarized property was not properly alleged.

This court adheres to the rule that a conviction will be reversed where an indictment or information is void for failure to charge a crime, even though a plea of guilty has been entered by defendant. (*People* v. *Minto,* 318 Ill. 293, 295; *Klawanski* v. *People,* 218 Ill. 481, 484.) ) The issue of whether an indictment is void is ordinarily saved for review by a motion in arrest of judgment, (*People* v. *Plocar* 411 Ill. 141; *People* v. *Green,* 368 Ill. 242,) however, it may be raised by writ of error, (*People* v. *Minto,* 318 Ill. 293,) as in the instant case.

An indictment for burglary should contain an allegation of ownership of the property in a person, corporation or other entity that may be the owner of property. (*People*

v. *Picard*, 284 Ill. 588, 592; *People* v. *Pernalsky*, 334 Ill. 38, 39.) The purpose of this requirement is to enable the accused to prepare for trial, and to plead former acquittal or conviction under the indictment in bar of another prosecution for the same offense. (*People* v. *Johnson*, 20 Ill.2d 336, 338; *People* v. *Stewart*, 23 Ill.2d 161, 167.) The burglary indictments herein alleged ownership in "Cook County School District No. 102, La Grange, Illinois," and in "Cook County School District No. 105, La Grange, Illinois."

Inasmuch as a school district is a quasi-municipal corporation (*Leviton* v. *Board of Education*, 374 Ill. 594, 600; *Roumbos* v. *City of Chicago*, 332 Ill. 70), and by statute has the power to take and convey title to real estate (Ill. Rev. Stat. 1957, chap. 122, par. 4—21,) it clearly constitutes an entity that may be the owner of property. Furthermore, the allegation of ownership by School Districts No. 102 and 105, respectively, in the burglary indictments, not only sufficiently identified the property to enable defendant to prepare his defense, but adequately protected him against subsequent prosecution for the same offense. Under these circumstances there was a proper compliance with the terms and purport of the requirement of alleging ownership, and the indictments were sufficient.

We find in no way apposite or determinative the case of *People* v. *Picard*, 284 Ill. 588, cited by defendant, where the allegation merely referred to property in the possession of the corporation; nor the case of *People* v. *Pernalsky*, 334 Ill. 38, where the issue related to proof of ownership.

Since the indictments each properly charged a criminal offense to which defendant pleaded guilty, the judgments herein should be and are affirmed.

*Judgments affirmed.*