People of the State of Illinois, Plaintiff-Appellee, v. Zane Redfern, Defendant-Appellant.

Gen. No. 11,108.

Fourth District.

December 30, 1969.

John J. Casey, Public Defender, of Springfield, for appellant.

Richard A. Hollis, State's Attorney of Sangamon County, of Springfield (D. Bradley Blodgett, First Assistant State's Attorney, of counsel), for appellee.

SMITH, J.

The defendant seeks a reduction of a sentence of four to five years in the penitentiary on his plea of guilty to a charge of aggravated battery. Following the sentence, four counts in the indictment for attempted murder were dismissed by the People. The defendant's principal position is that a four-to-five-year sentence impedes the opportunity for release determination by the Parole Board and that a reduction of the minimum sentence in this case is mandated by our opinion in People v. White, 93 Ill App2d 283, 235 NE2d 393. We do not deal with a first offender as did People v. Jones, 92 Ill App2d 124, 235 NE2d 379, nor do we deal with a sentence imposed after violation of probation as was involved in White and in People v. Land, 112 Ill App2d 345, 251 NE 2d 92. In People v. White, 93 Ill App2d 283, 288, 235 NE2d 393, 396, we stated:

"What should be the spread between a minimum and a maximum sentence cannot be determined with mathematical certainty, nor indeed should the spread be subject to a precise and rigid formula necessarily applicable to all cases."

Even though this court might prefer a wider spread between the minimum and the maximum, had we been the sentencing judge we cannot say that the spread of years standing alone and by itself is per se an abuse of discretion on the part of a trial judge. It has been observed many times that his opportunity for viewing the witnesses is far greater than ours. In this case we deal with a recidivist.

The victim and three other persons drove up to the curb and the defendant came over to the car. One view of the testimony was that he immediately drew a pistol and shot one Robert Lee Dunn, requiring his hospitalization. Redfern's testimony was that he was called over to the car, walked over there and leaned on the window sill with the window down, that someone rolled up the window on his arm and the car started to leave. He hung onto the car for two blocks, recalled that he had a revolver in his pocket and drew it and that it caught on the window ledge, and was fired. He further testified that he had been convicted of a violation of the Dyer Act for interstate transportation of stolen vehicles, had been placed on two years' probation, that he was sentenced to the Federal Correctional Institution at Inglewood, Colorado, for violation of this probation and was discharged some time later. He was convicted of criminal damage to property and served 90 days at the Illinois State Farm, Vandalia. The defendant left the State on the original trial date because he saw his picture in the paper in connection with an aggravated battery charge different from the one to which he entered a plea of guilty. For that reason he left the State. He was apprehended in Florida, waived extradition and re-

turned to Illinois. In addition, a witness testified that two or three days before the hearing in mitigation and aggravation, Redfern participated in beating up one of the prisoners in his cell at the county jail. The admission of this evidence into the record is also asserted as improper.

■ The legislative mandate is that one of the purposes outlined by the Criminal Code is to "prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders." Ill Rev Stats 1967, c 38, § 1–2(c). In keeping with this purpose, we find a young man twenty-five years of age who was first arrested for illegal transportation of stolen vehicles, who violated probation and was returned, who was sentenced for six months for a misdemeanor, and who became a fugitive from justice and had his bond forfeited. The incidents in the county jail are not objected to, and in any event, the trial court in the matter of sentencing is entitled to a wide latitude and is not confined to evidence showing guilt nor is he bound by the rules of evidence at the trial, but he may look to the facts and search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense and inquire into the general moral character of the defendant, his mentality, habits, social environment, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, his motivation and his life, family, occupation and record. People v. Adkins, 41 Ill2d 297, 242 NE2d 258. The events just related are admissible within the scope of Adkins.

The three boys riding in the car with the victim testified that Redfern came over to the car and immediately fired the shot. This Redfern denies. Be that as it may, we are in no position to determine whether or not Redfern is telling the truth, or those three witnesses. The trial court was in a better position to do so than we. We

must confess that even on this cold record his story that he was hanging onto the side of the car after the window had been rolled up when he recalled that he had a gun and drew his gun and accidently fired it because someone in the car had a gun is somewhat a bizarre explanation, as the trial court so characterized it. All occupants of the car testified that none of them had a gun. Under the circumstances here related, we cannot say that the trial court abused its discretion in determining an appropriate punishment. We recognize that hopes spring eternal in the human breast and that perhaps this defendant might be rehabilitated with a shorter *minimum* sentence. We cannot say that the trial court abused its discretion in this sentence or that his conclusion that hope is a rather faded one on the record. Indeed, on one view of the evidence, we deal with an attempted murder and the court could conclude on such facts that a wider spread was unwarranted and rehabilitation in a shorter time more of a dream than a reality. Accordingly, the judgment is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.