**People of the State of Illinois, Plaintiff-Appellee, v. John R. Cox, Defendant-Appellant.**

**Gen. No. 11,149.**

Fourth District.

February 2, 1970.

Albert E. Hurt, Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

SMITH, J.

We review this case for the third time. See 74 Ill App2d 342, 220 NE2d 7 and 87 Ill App2d 243, 230 NE2d 900. On the two previous occasions the defendant was sentenced to serve a period of ten to thirty years in the penitentiary for burglary. The sentence we now review was for fifteen to thirty years.

On this appeal, the defendant raises three basic assignments of error. First, that the trial court, over objection, refused to receive in evidence an exhibit consisting of a record of the commitment for mental treatment of witness Hall and the fact that Hall was a psychopathic person. It is urged that this should have been admitted as affecting the credibility of the witness and had it been admitted, the jury would have believed the defense witness as to some of the events rather than Hall and thus

acquitted the defendant. Secondly, the defendant takes the position that his sentence is excessive and there was no basis or justification for an enhanced penalty on his third conviction. Thirdly, the evidence does not support his conviction beyond a reasonable doubt.

■■■■ On the issue of the psychopathic personality of the witness, our Supreme Court discusses this problem in People v. Nash, 36 Ill2d 275, 222 NE2d 473, and refused to hold that it was error to deny the psychiatric examination of a witness to determine whether or not he was a psychopath and at p 279 stated:

> "It is well established that if a witness has the capacity to observe, recollect and communicate, he is competent. (People v. Dixson (sic), 22 Ill2d 513. [177 NE2d 224].) A psychopath has the capacity to observe, recollect and communicate and is therefore a competent witness. The question is whether it is permissible to show that he is a psychopath in order to impeach his credibility. . . .
>
> ". . . It would seem unnecessary to raise the issue of whether a witness is a psychopath, from which a jury could infer that he possesses the characteristic of untruthfulness, when direct evidence of a witness's reputation for truthfulness is admissible. . . . We hold that the trial court did not err in denying defendant's petition for psychiatric examination of Triplett to determine whether Triplett was a psychopath."

The record in this case indicates that Hall testified that he had been in need of mental treatment, had received it from September 14, 1966, until about two and one-half weeks before he testified and ended up in the security hospital at Chester. It was argued to the jury and they had knowledge of the fact he had been so treated. Thus the jury could and did consider that question on the

165

credibility of the witness. As pointed out in Nash, it is the fact itself that the jury considers and not the type, character or quality of the mental disability of the witness. The admissibility of the evidence is for the trial court; its weight is for the jury. There was no error in the denial of the exhibit into evidence.

This case proceeded to trial on February 5, 1968. At noon on February 6, the trial was in progress and the defendant absented himself from the trial. A motion for continuance was denied, search was made for the defendant, including calls to hospitals, sheriffs' offices, police stations, etc., and about a year later he was apprehended and returned to the trial court for sentencing. At the time of the sentence, he stated that his reason for leaving the trial was that he was under considerable stress and blacked out. The trial proceeded in his absence and the court found that he had knowingly waived his constitutional right to be present for trial. Whatever may have been the defendant's disability when he failed to return to the courtroom, it does not appear from the evidence in this record nor does it appear that it required more than one year to recover from the blackout. The defendant's explanation for his courtroom absence has a somewhat hollow ring. To hold otherwise furnishes every defendant on bond with a readymade basis for a mistrial, absent a compelling reason for such absence.

 In People v. Baze, 43 Ill2d 298, 253 NE2d 392, our Supreme Court had occasion to consider the question of enhanced or increased penalties after the reversal of a prior conviction. It referred to North Carolina v. Pearce, 395 US 711, 23 L Ed2d 656, 89 S Ct 2072, in which it was held that only identifiable conduct of the defendant occurring after the time of the original sentence may be considered in increasing the sentence on a retrial. In Baze, at p 303, the Court stated:

"In the absence of an affirmative showing of identifiable conduct on the part of defendant occurring

166

*after* the original sentencing, on which the increased sentence was based, the imposition of the heavier sentence on retrial here violated the constitutional right to due process of law."

The trial judge in this case was the third judge to try it. The two previous judges had each imposed a ten- to thirty-year sentence. It is urged on this appeal that a codefendant, who was tried separately, was sentenced from two to ten years while this defendant received a sentence of ten to thirty years twice and fifteen to thirty years here. Modern penology subscribes to the philosophy that the punishment should fit the offender and not merely the crime. The lesser sentence of a codefendant standing alone does not impeach the sentences of the defendant.

■■ The record here clearly establishes the absence of the defendant from the trial without any suggestion of an appropriate reason or justification for such extended absence. In addition, the recommendations of the State's Attorney and the trial judge contained in the report to the Parole Board as required by statute (Ill Rev Stats 1967, c 108, § 203) recited previous felonies and the previous record of this defendant and in addition stated:

> "To compound his criminal tendencies he absented himself from the Circuit Court of Macon County during and in the midst of the 3rd trial of this cause . . . and has been absent from this jurisdiction until apprehended in Peoria, Illinois in February, of this year, a time lapse of over one year. In view of this record and our conclusion that he is a criminal recidivist, we strongly recommend that he not be seriously considered for parole."

In Pearce, 23 L Ed2d 656, 670, the United States Supreme Court discusses the question of whether or not the

increased sentence after retrial was a result of vindictiveness on the part of the trial judge. It there stated:

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The record of the defendant's felonies previous to the first sentence establishes him as a recidivist. The identifiable conduct of the defendant occurring after the first sentence identifies him as somewhat contemptuous or at least disrespectful of the courts and judicial process and the one-year lapse of time perhaps characterizes him as a fugitive from justice. This, in our judgment, is identifiable conduct on the part of the defendant occurring after the original sentence, which bears directly on the probability of rehabilitation by a short sentence. There seems to be little basis in this record for any conclusion that either the original or this sentence is excessive or that this enhanced sentence is unwarranted.

However, it does appear that the defendant has been incarcerated for more than twenty months up to and including August 21, 1969, on this specific charge and perhaps since then. Proper credit for such incarceration is administratively allowed in accordance with Ill Rev Stats 1967, c 38, § 119–3.

■ There is no merit in the contention that the evidence fails to establish the guilt of the defendant beyond a reasonable doubt, in the alleged error in instructions nor in the denial of motions filed by the defendant concerning a conflict of interest with his attorney. We have carefully reviewed them and they are without merit. He was represented by the same counsel on this as well as all prior occasions and well represented. He has had a fair trial. Accordingly, other than as herein indicated, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.