THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. HARDEN, Defendant-Appellant.

(No. 70-83;

Third District—January 4, 1971.

John Donald O'Shea, of East Moline, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Robert Harden and Robert Sheffey entered pleas of guilty to a charge of burglary and Richard Myles, a third co-defendant, was found guilty of the offense after trial. The Circuit Court of Rock Island County granted Sheffey probation, sentenced Harden to a term of from two to ten years in the penitentiary and also sentenced Myles for a longer period in the penitentiary. This appeal is by Harden only and the only error urged is that his sentence is improper because it is arbitrarily more severe than that meted out to Sheffey, involved in the same offense.

■■ The trial judge recognized that following the rule announced in *People v. Steg*, 69 Ill.App.2d 188, 215 N.E.2d 854, and other cases a sentence ought not to be arbitrary but must have some reasonable basis in the record. (See also *People v. Cox*, 119 Ill.App.2d 163, 255 N.E.2d 208.) Particularly where several defendants are convicted of the same offense the severity of sentences or the degree of severity between the different defendants ought to have some rational basis in the record. This rule does not require that all co-defendants receive the same sentence because, under the application of the rule if the defendants ought to have been treated differently, equal sentences may be just as arbitrary as in the case where different sentences are meted out under circumstances warranting no difference in treatment.

In sentencing Harden, the trial judge mentioned the age difference i.e. Harden was 40 and Sheffey 21. He also mentioned that Harden may have had some degree of responsibility for leading Sheffy astray and noted inadequacies in Harden's testimony in the trial of Myles, the third co-defendant. The trial judge also referred to Harden's misdemeanor record which involved four misdemeanor convictions which might be said to generally relate to defendant's drinking problems.

It is defendant's contention on this appeal that the reasons expressed by the trial judge for the sentence which he received as contrasted to that received by Sheffey are either unsupported by the record or irrelevant considerations. We find no merit in the argument.

It is our opinion when the reasons expressed by the trial judge are considered as a whole, they amply demonstrate that the considerations properly affecting Harden's sentence were different from those affecting Sheffey's punishment. Although the reasons for granting probation may differ qualitatively from the reasons for a sentence of a particular number of years, the disparity in punishment meted out in this case is supported by the facts without regard to the reasons for granting or not granting probation.

■■ Whether any one of the reasons set forth by the trial judge would be sufficient to justify the disparity of the punishment is a question we are not required to decide since in our view of the case each reason finds ample support in the record and was an appropriate consideration in determining punishment.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.