348

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED REYNOLDS *et al.,* Defendants-Appellants.

(Nos. 54100, 54101 cons.; )

First District—February 24, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, James Reilley, and John P. Gertie, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County finding defendants, Fred Reynolds and Percy Will, guilty of burglary, after a trial by the court without a jury. The trial judge sentenced defendant Will to the Illinois State Penitentiary for a term of not less than one year nor more than four years and sentenced defendant Reynolds to three years' probation, the first year to be spent at Vandalia State Farm.

On the evening of April 5, 1968, at about 9:00 P.M., the defendants

were arrested in a cleaning shop known as Cinderella Cleaners, located at 946 North Orleans Street in Chicago, Illinois. There was a crowd of 200 or 300 people in front of the shop, carrying clothing, and as the police arrived they began to run in all different directions. A man, later identified as defendant Reynolds, ran out of the shop and was pursued and caught by police officers. He was returned to the shop, where defendant Will, two other adults and four juveniles were caught inside the store. The door to the shop was damaged, and clothing had been strewn around.

On appeal defendants contend that a material allegation in the indictment was not proved; the evidence adduced at trial was not sufficient to establish guilt beyond a reasonable doubt; and intent to steal was not proved beyond a reasonable doubt.

The indictment charged that the burglary was committed in a store of Courtesy Cleaners, Inc. The defendants contend the place burglarized was named Cinderella at 946 North Orleans and not Courtesy Cleaners, as alleged in the indictment, and therefore a material allegation was not proved. The president of Courtesy Cleaners, Inc., testified that Cinderella Cleaners was a branch store of the Courtesy Cleaners corporation, one of a chain of stores.

In *People v. Knox* (1968), 98 Ill.App.2d 270, the court said (p. 272): "In a burglary prosecution, the State need not plead or prove ownership of or precise legal title to the burglarized premises, rather the State need only plead and prove occupancy of or possession in the party whose occupancy or possession is rightful as against the burglar. *People v. Kreisler*, 381 Ill. 453."

In *People v. Everett* (1909), 242 Ill. 628, the defendant was charged with burglarizing "the Office of the City of Rockford." The proof showed that the City had leased offices in the Brown Building in Rockford. The court held that the rooms leased by the City as a group or suite, or any one of them, could properly be referred to and described as the office of the City. Cases cited by the defendants hold that in an indictment alleging burglary, ownership or possession must be shown so the accused will be safe-guarded against double jeopardy. The indictment in the instant case sufficiently informs the defendants of the charge made against them, so there can be no question of a plea in bar on their behalf at a future date, if the same became necessary.

Defendants further contend the evidence was circumstantial and insufficient to establish guilt beyond a reasonable doubt. The proof discloses the defendant Reynolds ran out of the shop and was pursued and caught by the police officers. Defendant Will was apprehended in the building, and neither defendant had authority to be there. The door

was open and the windows were smashed. Clothing was strewn around and being carried out by numerous people. In *People v. Hohmann* (1966), 72 Ill.App.2d 374, the court affirmed a conviction for burglary where the defendant was seen leaving the gangway of the burglarized premises with the property of the victim. At page 377, the court said:

"Burglary can seldom be proved by direct evidence of actual breaking and entry, and in most cases such facts must necessarily be inferred from other facts and circumstances proved or admitted."

■■ The defendants testified they were neither pushed into the cleaners or forced in at gunpoint. The credibility of the witnesses is a matter for the trier of fact. It is well settled that a conviction will not be reversed merely because the complaining witness or witnesses are contradicted by the accused. *People v. Greenberg* (1922), 302 Ill. 566. In the *Greenberg* case, the court stated that it would reverse on the evidence only when it is able to say from a careful consideration of the whole testimony that there is clearly a reasonable and well-founded doubt of the guilt of the accused.

■■ Finally, the defendants also maintain that the intent to steal was not proved beyond a reasonable doubt. As defendants suggest in their brief, the gravamen of the offense of burglary is the intent with which the building is entered. However, the case cited by defendants, *People v. Soznowski* (1961), 22 Ill.2d 540, is not in point. In that case the defendant entered a bedroom and started to beat a sleeping woman, until she awakened, whereupon the defendant fled without attempting to steal. The court noted it was evident the defendant's intent was other than to steal. In *People v. Johnson*, (1963), 28 Ill.2d 441, the Illinois Supreme Court confronted this issue and said (p. 443):

"Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction for burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. This conclusion is supported by the decisions of other courts."

■■ From the record, we believe the trial court was correct in its findings, and for the reasons stated herein the judgment is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.