THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL WAYNE NEWBERRY, Defendant-Appellant.

(No. 11294; ▮▮▮▮▮▮▮

Fourth District—September 10, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Frederick F. Cohn, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE MILLS, delivered the opinion of the court:

This is an appeal with little, if any, merit—reflective of the ever increasing volume of like cases that are flooding our reviewing courts.

Defendant and his partner were indicted for burglary. Both were represented by the same self-employed attorney, both entered pleas of guilty and both requested probation. His co-defendant was granted probation, but Newberry was not. He received 1-10 years in the penitentiary.

■ First: Newberry contends that the indictment was void because it failed to allege legal ownership. The indictment recited that defendants "* * * entered a building of Decatur School District No. 61, To-wit: The boiler room of Lakeview High School * * *." This identical question, in a burglary case on all-fours, was disposed of in *People v. Furman*, 26 Ill.2d 334, 186 N.E.2d 262. That opinion clearly controls here.

■ Second: Defendant maintains he did not have effective counsel at the probation hearing because his attorney "argued forcefully to secure

probation for the co-defendant" but "took a position of ambivalence" toward him. We comprehend no purpose to be served by reciting at length from the record in order to minutely demonstrate the hollowness of such a charge. It will suffice to relate that we have read in toto the record before us and find no ground whatsoever to support such argument.

■ The guilty plea of this defendant was properly taken by the trial court—and it was a "straight" plea, not "negotiated". He had no prior promise as to sentence; he had no contract with the court; there was no *quid pro quo*. Defendant had violated a prior probation under an earlier conviction of attempted burglary, and to our view the trial judge had ample cause for the sentence here imposed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.