THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN JOSEPH PRATER, Defendant-Appellant.

(No. 11947;

Fourth District—June 27, 1973.

*Rehearing denied July 24, 1973.*

J. H. Weiner and Michael J. Costello, both of Springfield, for apellant.

C. Joseph Cavanaugh, State's Attorney, of Springfield, (Tim J. Bonansinga, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On January 5, 1971, defendant-appellant Steven Prater and Neil Buchanan (who does not join in this appeal) were indicted for theft and burglary. On March 8, both defendants appeared with counsel for a hearing on a motion to suppress evidence. At this time defendant Prater, through his attorney, declined to participate in the hearing on the motion.

On March 13, 1972, defendant withdrew his plea of not guilty and entered a plea of guilty. He was sentenced to an indeterminate term of 1 to 10 years in the penitentiary.

■■ Defendant urges that his plea was invalid because the trial judge failed to admonish him that by pleading guilty he was waiving any defense involving search and seizure of certain evidence. Defendant cites no authority for this contention nor are we aware of any. Rule 402 is specific in its requirements; it was complied with here and the plea, having been so taken, is a valid plea. See *People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30,

■■ Defendant also urges that the denial of probation was an abuse of discretion. In view of the fact that defendant had five prior convictions including possession of stolen property, theft over $150 and second degree burglary, this contention merits no discussion. The trial judge did not abuse his discretion in the denial of probation.

■■ Defendant's co-indictee Neil Buchanan was given probation with provision for six months incarceration. Defendant urges that the disparity between his sentence and the granting of probation to Buchanan was "discriminatory". The record discloses that Buchanan had no prior record. Different sentences given co-defendants are not discriminatory where there is a basis in the record for the distinction. *People v. Robinson,* 3 Ill.App.3d 267, 278 N.E.2d 137.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.