THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUNE WAREBERG, Defendant-Appellant.

First District (5th Division)    Nos. 63024, 63025 cons.

Opinion filed November 24, 1976.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Stephen Fiorentino, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Following a jury trial defendant June Wareberg was found guilty of disorderly conduct (Municipal Code of Chicago, ch. 193, par. 1(a)) and resisting or obstructing a peace officer (Ill. Rev. Stat. 1973, ch. 38, par. 31—1). The trial judge entered judgment and sentenced defendant to serve one day in the House of Correction with a fine of $50 plus $5 costs for disorderly conduct and $50 plus $5 costs for resisting or obstructing a peace officer.

On appeal defendant contends: (1) each complaint failed to charge an offense; (2) each conviction arose from a single incident; (3) the State's case for disorderly conduct failed to show conduct which presented a clear and present danger to the peace; and (4) defendant's conduct did not justify a conviction for resisting or obstructing a peace officer.

On December 15, 1973, at 1:30 p.m. George Lennartz and Frank Modelski, plainclothes Chicago police officers, drove to 4546-48 North

Seeley Avenue in search of Gregory Wareberg who had been named as a suspect in a case which they were investigating. Upon arrival at that address they asked some children whether the Warebergs still lived there. One of the children responded affirmatively and another stated that Mrs. Wareberg was sitting in a car in front of the building.

Officer Lennartz testified for the State that he and his partner approached the vehicle designated by the boys. The officers presented their identification which included their pictures and badges to the woman seated in the car and identified themselves as police officers. They asked her if she were Mrs. Wareberg to which she responded negatively. She also indicated that she was not related in any way to Gregory Wareberg. Officer Lennartz then testified that he asked to see her driver's license because she was in the driver's seat and the engine of her car was running. Lennartz stated to her that she was operating a motor vehicle and that she would be in violation of State Law if she failed to produce her driver's license to a police officer on request. Defendant replied that she didn't have one. Disregarding an additional warning she placed the car in gear and attempted to drive away. Officer Lennartz reached inside the car and with the assistance of Officer Modelski was able to place the car in neutral gear and turn the ignition off. During this incident Lennartz sustained scratches on his hand and neck which resulted from contact with defendant. Defendant Wareberg was placed under arrest for failure to produce a driver's license. While they were waiting for a paddy wagon, defendant attempted to leave the car. She also sounded the horn and screamed creating enough attention to attract a crowd. When the paddy wagon arrived several officers were needed to place her inside the vehicle. She was then transported to area headquarters.

Officer Modelski, a 15-year veteran with the police department, testified for the State to substantially the same facts. He did state, however, that defendant was placed under arrest for failure to produce a driver's license before she attempted to drive from the scene.

Defendant Wareberg testified that she was 37 years old, lived in Schiller Park and was a buyer but her employment had been terminated. On the date in question she was sitting in her car waiting to be picked up by some friends when two men approached and attempted to open her car door and pull her out. She tried to drive away but was not permitted to do so. One of the men grabbed her and threw her down on the ground. She did not know if they said anything to her because she was listening to the radio. Finally, when she saw a squad car arrive, she tried to get out of the car to seek the aid of police.

After the jury returned guilty verdicts, but prior to entry of judgment, the trial court denied defendant's motion for judgment notwithstanding the verdict.

OPINION

■■ Defendant first contends and the State concedes that the complaint charging disorderly conduct does not state a violation of the Municipal Code of the City of Chicago. The ordinance in question provides:

> "A person commits a disorderly conduct when he knowingly: (a) does any act in such unreasonable manner as to provoke, make or aid in making a breach of peace." (City of Chicago Municipal Code, ch. 193, par. 1(a).)

The complaint charges that defendant "attempted to breach the peace by her physical and vocal actions causing a crowd to gather."

A charging document when attacked for the first time on review must inform defendant of the precise offense charged with sufficient specificity to prepare a defense. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) The charging document in this case falls short of that standard. An "attempt" to breach the peace does not violate the ordinance cited. Therefore, we reverse defendant's conviction for disorderly conduct. As a consequence, it is not necessary for us to consider defendant's contention that both convictions arose from a single incident, nor is it necessary now to discuss whether the State failed to show conduct which presented a clear and present danger to the peace.

■■■ Defendant next contends that the complaint charging resisting or obstructing a peace officer failed to identify complainants as peace officers or allege defendant knew them to be peace officers, and therefore is void.

The complaint on which the charge is based reads as follows: "George Lennartz and Frank Modelski complainant(s) now appears before the Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that June Wareberg has, on or about December 15, 1974, at 4550 North Seeley, Chicago, Cook County committed the offense of resisting or obstructing a peace officer in that she interfered with a lawful arrest of herself by shouting, pushing the complainants, and attempted to drive away the vehicle in which she was driving in violation of Chapter 38 Section 31—1 Illinois Revised Statute and against the peace and dignity of the People of the State of Illinois."

Section 31—1 states:

> "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." (Ill. Rev. Stat. 1973, ch. 38, par. 31—1.)

Defendant argues that the standards set out in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, to determine the sufficiency of charging documents do not apply in this case since defendant moved orally in the

trial court for a judgment notwithstanding the verdict; thus, defendant argues the complaint is not being attacked for the first time on appeal and more stringent standards apply. We disagree and note first that a motion for arrest of judgment is the normal method of preserving an objection to the sufficiency of the charging document. (Ill. Rev. Stat. 1973, ch. 38, par. 116—2; *People v. Furman* (1962), 26 Ill. 2d 334, 186 N.E.2d 262.) We believe that a motion for a judgment notwithstanding the verdict, now governed by section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1), is designed to question not the sufficiency of the pleadings but rather the adequacy of the proof or other issues raised during the trial. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Therefore, the sufficiency of the complaint is being attacked for the first time on appeal and will be determined by the standards set out in *Pujoue.* In that case our Supreme Court stated that a complaint when attacked on appeal for the first time, is sufficient if it apprises the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. (See also *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.) We find that the complaint adequately apprised defendant of the particular acts with which she was charged.

■■ Finally, defendant contends that the alleged resistance occurred as a result of an unauthorized act; that her conduct did not amount to resisting or obstructing a peace officer; and that she did not know the complainants were police officers.

We believe defendant's final contentions are not persuasive. An arrest even if unlawful is considered an authorized act for purposes of section 31—1. (*People v. Locken* (1974), 59 Ill. 2d 459, 322 N.E.2d 51.) Here, Officer Modelski testified that defendant was placed under arrest before she attempted to drive from the scene and the officers stated that Lennartz received scratches from defendant when they prevented her from driving away. Both officers declared that they showed defendant their identification and stated they were police officers. Although the evidence at trial was conflicting, resolution of the conflict was for the jury. (*People v. Pickett* (1975), 34 Ill. App. 3d 590, 340 N.E.2d 259.) We conclude, therefore, that the record contains sufficient evidence to support the conviction.

Accordingly, the judgment of conviction for resisting or obstructing a peace officer is affirmed and the judgment of conviction for disorderly conduct is reversed.

Affirmed in part; reversed in part.

LORENZ, P. J., and SULLIVAN, J., concur.