THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES M. HAHN, Defendant-Appellant.

Third District   No. 79-477

Opinion filed March 26, 1980.

Thomas E. Cowgill, of Cirricione, Block, Krockey and Cernugel, P. C., of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On June 29, 1978, the defendant was arrested and issued a uniform traffic citation charging him with driving while his license was suspended and revoked. On July 26, 1978, he appeared in court and was advised of the charge, the maximum penalty provided by law, his right to counsel, and his right to trial by jury. The cause was continued. On August 23, 1978, defendant appeared in court without an attorney, pleaded not guilty, and signed a waiver of his right to trial by jury. The cause was continued for bench trial.

On November 8, 1978, defendant appeared without an attorney and requested a further continuance to obtain counsel. The People were ready for trial and objected to a continuance. The trial court continued the matter until February 1, 1979, because no attorney had appeared of record and no attorney was present in court.

On February 1, 1979, defendant appeared for trial. The People orally moved to amend the Illinois uniform citation and complaint on its face by striking the words "suspended and." The motion was allowed. The trial court explained to the defendant that the words stricken were surplusage and that the trial would proceed on the charge of driving while license was revoked. Defendant was not arraigned on the amended charge.

Defendant orally moved for a continuance because his attorney was not present in court. The People objected to a further continuance. After examining the record and finding continuances for the purpose of obtaining counsel, the court asked defendant the name of his counsel and the reason he wasn't in court. Defendant did not know his counsel's name, his address, or why he was not present. The court found that defendant had failed to show that he had hired an attorney and that the trial had already been inordinately delayed. Defendant's motion was denied.

Trial was held and the defendant was found guilty. Sentencing was set for February 15, 1979, and then continued to March 1, 1979, and then to March 15, 1979.

On February 15, 1979, defendant's privately retained counsel filed his appearance in the case and on February 20, 1979, filed a motion to vacate

and set aside the bench finding of guilty, to reinstate the plea of not guilty, and to set the cause on the jury calendar.

On March 15, 1979, the sentencing hearing was held and the same attorney represented defendant at that time. At the hearing the State presented an abstract of defendant's driving record which showed that on April 26, 1973, his license was suspended for 90 days for convictions for three moving violations during one year; on August 10, 1974, his license was suspended for three moving violations during one year; on November 12, 1974, his license was revoked for a conviction of driving under the influence of intoxicating liquor; on May 11, 1975, he was convicted for driving while his license was revoked; on December 2, 1977, he was convicted for driving while his license was revoked; on February 1, 1978, his drivers license revocation was extended for one year; and on June 1, 1978, he was convicted for violation of restricted driving privileges. The trial court sentenced defendant to 30 days incarceration in the Will County Jail.

On March 16, 1979, defendant filed a supplemental motion to vacate and set aside bench finding of guilty, to reinstate pleas of not guilty, and to set cause on the jury calendar. He also filed a motion to modify sentence. These motions were denied on March 20, 1979.

On appeal defendant raises the following issues: (1) the trial court erred by not arraigning defendant after amendment of the charge and not informing him of his right to jury trial and right to counsel, and by not granting his motion for continuance; (2) upon learning that defendant was not represented by private counsel on the day of trial, the trial court erred by not conducting an examination of defendant to determine his indigency and eligibility for a public defender or other court-appointed counsel; (3) the trial court abused its discretion in sentencing defendant to 30 days in jail.

Defendant first argues that the citation written by the police officer did not state an offense. As a result, defendant was not properly arraigned prior to the amendment of the citation. After the amendment the trial court failed to arraign defendant on the amended charge, therefore, defendant was never arraigned. If he were not charged with an offense, any plea was a nullity.

Defendant also argues that since he was not charged with an offense until after the amendment, the trial court had a duty to grant him a continuance so that he could obtain counsel. Ill. Rev. Stat. 1977, ch. 38, par. 113—3(a).

■■ In support of his theory the defendant argues that the traffic citation issued by the police officer was so duplicitous, improperly worded and vague that defendant was not afforded an opportunity to prepare his defense. Defendant admits that when a complaint is attacked for the first

time on appeal the charge must merely "[apprise] the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437; *People v. Wareberg* (1976), 44 Ill. App. 3d 78, 358 N.E.2d 54.) However, if the pleading is attacked at the trial level in a motion to dismiss or a motion in arrest of judgment, the charge must strictly comply with the statutory requirements of section 111—3 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3; *People v. Deal* (1979), 69 Ill. App. 3d 74, 387 N.E.2d 21.) Since a motion in arrest of judgment is inappropriate when the charge is amended before trial, defendant raised the issue in his amended motion to vacate and set aside the bench finding of guilty.

Defendant complains that the citation states two separate offenses in one complaint. The word "suspended" and the word "revoked" are not so intimately associated in their meaning that they allege the same act, therefore, the complaint violates section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3).

We believe that defendant, by failing to properly raise the issue in the trial court, waived his right to enforce the provisions of section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3). Therefore, we shall only consider whether the citation sufficiently stated the offense so that defendant could prepare his defense and plead the matter as a bar to further prosecution.

■ The prohibition relating to the alleging of disparate acts in one complaint is predicated upon the reasoning that such a pleading does not notify the defendant of the crime which the State will attempt to prove at trial and therefore defendant cannot know what to prepare as a defense. In the instant case, however, the elements of proof of both driving while license is suspended and driving while license is revoked are the same. The only difference is a word on the certification provided by the Secretary of State. The defenses are also basically the same: defendant was not driving, his license was not suspended or revoked, his license was erroneously suspended or revoked. We are also well aware that the Secretary of State notifies drivers that their driving privileges are either suspended or revoked. We therefore find no prejudice to defendant in the preparation of his defense prior to amendment.

● 4 Defendant argues that the defect in a charge of driving while license is suspended and revoked is not a mere formal defect amendable at any time. We do not agree, since the amendment in the instant case corrects a disjunctive pleading of offenses. (Ill. Rev. Stat. 1977, ch. 38, par. 111—5.) Defendant argues that an amendment in the instant case is prohibited by

*People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340. Defendants in *Heard* were charged with disparate acts of gambling, only one of which was proved at trial. The supreme court found the complaint, alleging several disparate acts with varying proof and possible defenses, did not contain the necessary specific allegations of the nature and elements of the offense charged. In the instant case we find that the complaint was properly amended and, as amended, did properly state an offense with the specificity necessary for defendant to prepare a defense and the resulting conviction would be a bar to double jeopardy.

■■ Defendant also complains that he was not arraigned after the complaint was amended. Defendant does not complain that the original arraignment was defective. He was aware that he had been charged with an offense and he did appear to defend. He made no objection in the trial court to any failure to re-arraign; therefore, defendant has waived any claim that he was not properly arraigned. *People v. Jones* (1977), 56 Ill. App. 3d 600, 371 N.E.2d 1150.

Defendant next argues that it was error to refuse his motion for continuance after the State was allowed to amend the traffic citation. He admits that the granting of a continuance is within the sound discretion of the trial court. (*People v. Rivers* (1978), 61 Ill. App. 3d 376, 377 N.E.2d 1245.) He argues that while he could not understand the significance of the amendment, an attorney could, and his rights were therefore infringed when the court denied a further continuance.

The trial court denied the continuance because defendant had appeared without an attorney several times and the court found his repeated requests for continuance to be dilatory.

■■ The right to counsel is a fundamental right. Inherent in that right is the right to counsel of one's choice and the right to appear without counsel. We believe that the record clearly shows defendant chose the latter. He made no serious attempt to appear with counsel despite lengthy delays to obtain counsel. We find no abuse of discretion on the part of the trial court in refusing a further continuance.

Defendant argues that upon learning that defendant was not represented by private counsel on the day of trial, the trial court should have conducted an examination of defendant to determine his indigency and eligibility for a public defender or other court-appointed counsel. We are well aware of the right of the indigent to appointed counsel; however, we note that defendant did not claim that he was indigent. While the record is not crystal clear as to sequence, it appears that subsequent to trial but on the same date, defendant procured the services of private counsel who represented him in post-trial proceedings and in this appeal. We also note that in each case cited to us in support of defendant's

argument, the defendant had been found indigent and was represented by appointed counsel on appeal. We believe, therefore, that it would be putting form before substance to consider the matter in the instant case.

■■ Lastly, defendant argues that the trial court abused its discretion in sentencing him to 30 days in jail. In view of his extensive record of traffic violations, suspensions and finally revocation, we find no abuse of discretion.

For the reasons stated above the judgment of the circuit court of Will County is hereby affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.