DOROTHY RHODES, Adm'r of the Estate of Harry Rhodes, Deceased, Plaintiff-Appellant, *v.* UNIROYAL, INC., Defendant-Appellee.

Third District    No. 81-4

Opinion filed November 5, 1981.

Roger D. Rickmon, of Murphy, Timm, Lennon, Spesia and Ayers, of Joliet, for appellant.

Michael Gahan, of Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Harry Rhodes, later amended to Dorothy Rhodes as administrator of the estate of Harry Rhodes, deceased, filed a complaint against the defendant, Uniroyal, Inc., seeking access to property controlled by the defendant in order to investigate the nature of an injury suffered by Harry Rhodes during his employment by the defendant. In addition, plaintiff requested attorneys' fees and punitive damages. Access to the property was allowed pursuant to an agreement between the parties. Upon trial of the issues of recovery of attorneys' fees and punitive damages, the jury returned a verdict in the amount of $15,000 in favor of plaintiff. Thereafter, on defendant's post-trial motion, the trial court entered a judgment notwithstanding the verdict in favor of the defendant.

Harry Rhodes, plaintiff's decedent, an employee of the defendant, was injured at defendant's Will County plant facility on August 21, 1973. His injuries consisted primarily of extensive acid burns to his face and hands.

After his injury, Harry Rhodes and his legal counsel requested permission of the defendant to enter the plant facility where he had been employed in order to examine the instrumentality of his injury and to ascertain whether any third party actions were viable. At this time defendant determined that such investigation was against corporate policy and that Harry Rhodes and his representatives did not have a "need to know." This decision was made pursuant to the terms of defendant's established visitation procedures as formulated in conjunction with the United States Army. Defendant's plant facility is owned by the United States Government, the defendant being a contractor given responsibility for the security of that facility. Accordingly, the defendant refused all requests made on behalf of Harry Rhodes to enter the plant facility.

On June 7, 1974, Harry Rhodes filed a complaint against the defendant alleging that defendant, notwithstanding the plaintiff's requests to have his representatives enter and inspect the defendant's plant facility in Will County, did wrongfully, wilfully, outrageously and maliciously refuse to allow such inspection. That complaint sought entry onto said premises, prayed that plaintiff be awarded his expenses, including

reasonable attorneys' fees and finally asked that punitive damages be assessed against the defendant.

On June 24, 1974, the attorneys for each of the respective parties agreed that if the trial court would not issue a formal order the defendant would allow an inspection. On July 1, 1974, an inspection was made of the Will County plant facility.

The jury returned a verdict in favor of plaintiff for $15,000. Upon the post-trial motion of the defendant the trial court entered a judgment notwithstanding the verdict in favor of the defendant, stating that the complaint failed to state a claim upon which further relief in the nature of attorneys' fees and punitive damages could be granted subsequent to the previous inspection of the property by the plaintiff's attorney. The court also found that the complaint was in the nature of a bill of discovery for which punitive damages and attorneys' fees are not properly recoverable.

The primary issue presented for review is whether plaintiff's complaint fails to state a cause of action for which attorneys' fees and punitive damages may be awarded.

Recently *Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 403 N.E.2d 555, dealt with the right of an employee injured at his work place to seek access to the site of his injury in order to investigate the possibility of third-party actions. In *Goetz* the court stated that the plaintiff failed to point to pertinent authority to support her position of a claimed duty on the part of the defendant-employer to allow her to inspect the machine which injured her. The court agreed with defendants that the plaintiff had no right of inspection prior to her instituting a lawsuit and requesting discovery since the parties were adversaries in a workmen's compensation proceeding. "When denied access to the information, plaintiff appropriately sought the information through legal action and discovery. Likewise, defendant's failure to answer the interrogatories should have been disposed of through the request for sanctions (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)) or for protective orders (Ill. Rev. Stat. 1975, ch. 110A, par. 201(c)) in accordance with the appropriate discovery procedures." 82 Ill. App. 3d 1054, 1063.

■■ Similarly, in the case at hand, defendant had no legal duty to allow an inspection of the site of Harry Rhodes' injury prior to the institution of a lawsuit with accompanying discovery proceedings. Once a lawsuit had been filed by plaintiff and defendant later agreed to an inspection, no further cause of action existed for the recovery of attorneys' fees and punitive damages.

■■■ In addition, the recovery of attorneys' fees and cost of litigation are not proper unless authorized by statute or agreed to by contract. (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859.) The recovery of punitive damages is also not allowed in the absence of actual damages. (*Florsheim*

*v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.) Therefore, plaintiff's request for recovery of attorneys' fees is barred, not having shown statutory authority or a contractual obligation. Plaintiff's request for punitive damages is also barred, not having shown actual damages outside of legal fees incurred.

■■ One subsidiary issue need be only briefly addressed. Plaintiff contends that the trial court erred in granting a judgment notwithstanding the verdict rather than granting a motion in arrest of judgment. Specifically, an arrest of judgment is proper when a court rules upon the sufficiency of a plaintiff's complaint after the entry of a judgment in a plaintiff's favor, and a judgment notwithstanding the verdict is designed to question the adequacy of the proofs or other issues raised at trial. (*People v. Wareberg* (1976), 44 Ill. App. 3d 78, 358 N.E.2d 54.) Since the trial court in this case ruled that the complaint was insufficient to state a cause of action, plaintiff argues that it was more properly an arrest of judgment rather than a judgment notwithstanding the verdict. It is our opinion that the standards of review for either an arrest of judgment or a judgment notwithstanding the verdict would not differ; therefore, at this juncture, it is immaterial whether the order of the trial court was a judgment notwithstanding the verdict or an arrest of judgment.

Accordingly, for the reasons set forth above we conclude that the trial court properly granted the judgment notwithstanding the verdict. The judgment order of the circuit court of Will County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.