JAMES ECKER, Plaintiff-Appellant, v. BIG WHEELS, INC., Defendant-Appellee.

Fourth District No. 4—85—0203

Opinion filed September 12, 1985.

Manion, Janov, Edgar, Devens & Fahey, Ltd., of Danville (Rick E. Janov, of counsel), for appellant.

Traci Nally-Harris, of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, P.C., of Champaign, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On July 2, 1984, plaintiff, James Ecker, filed a four-count complaint in the circuit court of Ford County against defendant, Big Wheels, Inc. Count I sought overtime wages which plaintiff claimed to have accrued over the years beginning in August 1974 and to be due and owing pursuant to statute. Count II sought punitive damages for defendant's failure to pay the wages. Counts III and IV alleged the tort of retaliatory discharge and are not in issue in this appeal. On March 7, 1985, the trial court allowed a defense motion as to counts I and II and dismissed those counts in bar of action. On March 22, 1985, the trial court made a finding pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) making the March 7 order appealable as of right. Plaintiff has appealed the order dismissing counts I and II. We affirm.

Counts I and II were brought under and turn upon the provisions of section 12 of the Minimum Wage Law which at the time of filing of the complaint stated:

"(a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act,

the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and any agreement between him and his employer to work for less than such wage is no defense to such action. Every such action shall be brought within 3 years from the date of the underpayment. Such employer shall be additionally liable to the employee for punitive damages in the amount of 2% of the amount of any such underpayments for each month during which such underpayments remain unpaid, or in an amount equal to such underpayments, whichever is smaller.

(b) At the request of any employee paid less than the wage to which he is entitled under the provisions of this Act, the Director may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs.

(c) The Director is authorized to supervise the payment of the unpaid minimum wages and the unpaid overtime compensation owing to any employee or employees under Sections 4 and 4a of this Act and may bring any legal action necessary to recover the amount of the unpaid minimum wages and unpaid overtime compensation and an equal additional amount as punitive damages, and the employer shall be required to pay the costs. Any sums thus recovered by the Director on behalf of an employee pursuant to this subsection shall be paid to the employee or employees affected." (Ill. Rev. Stat. 1983, ch. 48, par. 1012.)

Section 12 had contained substantially the same provisions at all times pertinent hereto, except that subsection (c) was added by Public Act 83—203, section 1, effective January 1, 1984 (1983 Ill. Laws 1767).

As pertaining to counts I and II, defendant's motion to dismiss asserted (1) the three-year limitation period set forth in section 12(a), (2) that the Illinois Department of Labor (Department) had conducted an investigation, and defendant had made a payment to plaintiff of $3,363.68 pursuant to the investigation, (3) the counts were not sufficiently definite and certain, and (4) plaintiff had failed to exhaust his administrative remedies and should have had the Department "pursue this civil action." The motion was accompanied by the affidavit of Richard B. Jewell, defendant's secretary-treasurer. It set forth that (1) the affiant had assisted the Department in an investigation, (2) as

a result thereof the sum of $3,363.68 overtime pay was found to be due, (3) a payment in the sum of $1,923.68 was "made to plaintiff," and (4) the latter sum was the amount owing directly to plaintiff after subtracting the required withholding for social security and State and Federal income taxes from the amount of $3,363.68.

In its order of dismissal of March 7, 1985, the trial court noted that in count III, paragraph IV of the complaint, the plaintiff admitted he had requested the Director of the Department to collect the claim. The court construed this as constituting an admission that an assignment had been made. The court also ruled that the admitted acceptance of payment by plaintiff constituted an accord and satisfaction. The court then concluded that the assignment of the claim and the acceptance of the amount the Department determined to be due "released" the claim. The record has been supplemented by a document purporting to be a "Back Wage Claim Application" signed by plaintiff. The document contains a purported assignment of the claim by plaintiff to the Department. The document does not indicate that it was part of the trial court record.

While the indications from the record properly before us leaves uncertainty as to whether an assignment was made, the plaintiff, with commendable candor, focuses his argument upon the effect of such an assignment considering the provisions and purposes of section 12. He concedes the general principle set forth in *People v. Wurster* (1981), 97 Ill. App. 3d 104, 422 N.E.2d 650, that an assignee acquires all of the interest in the property assigned and the assignor is thereby divested of all such interest. However, he contends that this assignment was merely for the purposes of collection and accordingly, the plaintiff as assignor also retained the power to sue. No cases on this point are cited by either party.

■ The general rule as to assignments for collection seems to be that the assignment does not transfer the "beneficial ownership" to the assignee, but it vests legal title in the assignee, empowers the assignee to collect and permits the debtor to "discharge himself by making payment to the assignee." (6A C.J.S. *Assignments* sec. 83, at 733 (1975); see also 4 Corbin, Contracts sec. 891, at 582 (1951).) Thus, while there is at least some uncertainty as to the rights of an assignor for collection, we do not deem the intent of section 12 of the Minimum Wage Law to be to subject the employer to actions by both the employee and the Department. Rather the intent is to enable the employer to negotiate in good faith with the Department and to be free from suit by the employee-assignor while the assignment is in effect. For that reason alone, the trial court properly dismissed counts I and II.

■ We also hold that an accord and satisfaction occurs when, after assigning a wage claim to the Department, an employee accepts from the employer, the amount determined by the Department to be due to the employee. Any other interpretation would constitute a substantial deterrent to employer cooperation with the Department.

■ Plaintiff maintains that even if the cause of action attempted in count I for actual damages were properly dismissed, his claim for punitive damages set forth in count II was never assigned and is not barred. However, a claim for punitive damages cannot stand where there is no existing claim for compensatory damages. *Rhodes v. Uniroyal, Inc.* (1981), 101 Ill. App. 3d 328, 427 N.E.2d 1380; *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.

The judgment of the circuit court dismissing counts I and II in bar of action is affirmed.

Affirmed.

McCULLOUGH and MORTHLAND, JJ., concur.